BAXTER and others, Appellants, vs. SLEEMAN, Respondent.

*September 14—October 9, 1928.*

For the appellants there was a brief by *Robert E. Curran,* assistant city attorney, and *Fridley & Crawford* of Superior, special counsel, and oral argument by *C. R. Fridley.*

*L. R. McPherson* of Superior, for the respondent.

ROSENBERRY, J. This is a proceeding brought under the provisions of sec. 6.66, Stats. By special referendum a proposition was submitted to the electors of the city of Superior. The statute provides that any elector who voted at such an election may begin a contest by filing a petition with the county, city, town, or village clerk as the case may be, demanding a recount of the ballots cast in designated precincts, and thereupon the canvassing board is required to meet and recount such ballots. Thereafter any other elector who voted at such election may file a similar petition asking for a recount of the ballots cast in other designated precincts. After the determination of the canvassing board of the result of such recount, any elector who voted upon the proposition may appeal from such determination to the circuit court of the county and thereupon a hearing is had in open court or at chambers, or before a referee.

In this case the contest was initiated by W. J. Sleeman, asking for a recount of the ballots cast in two precincts, and after such recount was had, another petition was filed by Ed McKinnon asking for a recount of the ballots cast in other designated precincts. Such further recount was had

and determination thereof by the canvassing board made. The petitioner W. J. Sleeman appealed to the circuit court, taking a separate appeal from each determination of the canvassing board. The appeals were consolidated in the circuit court, and after hearing a final order was made modifying the determination of the canvassing board and reversing the effect of such determination as to the result of the election. From such final order separate appeals have been taken by the canvassing board and by the petitioner Ed McKinnon, and the respondent has made separate motions to dismiss the appeals and each of them upon the sole ground that the order was not appealable.

It is the contention of appellants here that the order is appealable under the provisions of sec. 274.33 (2), Stats., relating to appealable orders, which reads as follows:

"274.33. The following orders when made by the court may be carried by appeal to the supreme court: . . .

"(2) A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment."

There can be no doubt that the order is a final order and finally determines the proceeding. Whether it is appealable or not is another question. It is perfectly clear that this is not a proceeding according to the course of the common law. Except for the statute the petitioners would have had no right to a recount of the ballots. Sec. 6.66 provides for a recount and then provides that an appeal may be taken to the circuit court. It is considered that this case falls clearly within the principle that where the law gives a new remedy to meet a new situation, the remedy provided by the law is exclusive, and that where an appeal is not given by the law creating the procedure, no appeal lies. *Peters v. C. & N. W. R. Co.* 165 Wis. 529, 162 N. W. 916, and cases there cited.

Under the provisions of sec. 6.66 the court acts solely pursuant to the election laws. The statute prescribes how

a final result shall be arrived at. It provides no appeal from the determination made by the circuit court. Under such circumstances the general law relating to appeals from orders in ordinary actions and special proceedings has no application. *Petition of Long: Long v. State,* 176 Wis. 361, 187 N. W. 167.

*By the Court.*—The appeals from the order entered by the circuit court for Douglas county are dismissed.

ESCHWEILER, J., dissents.