In RE JENESS: CHIPPEWA COUNTY, Appellant, vs. OUTAGAMIE COUNTY and others, Respondents.

*May 2—June 4, 1935.*

*Robert L. Wiley,* district attorney of Chippewa county, and *Henry Christoffersen* of Chippewa Falls of counsel, for the appellant.

*Samuel Sigman,* district attorney of Outagamie county, for the respondent. Outagamie county.

For the respondent Brown county there was a brief by *Clarence J. Dorschel,* district attorney, and *Charles K. Bong,* assistant district attorney, and oral argument by *Mr. Bong.*

For the respondent village of Black Creek there was a brief by *Frank F. Wheeler,* attorney, and *James I. McFadden* of counsel, both of Appleton.

MARTIN, J.   This proceeding was instituted on the petition of the district attorney of Brown county, pursuant to sec. 49.03 (9), Stats., for the purpose of determining what municipality is responsible for the support of Mrs. Hazel Jeness, indigent.   The petition alleges that Brown county has paid to the city of Green Bay the sum of $87.14 for the relief of said indigent; that such sum has been charged to Chippewa county; that Chippewa county, Outagamie county, and Brown county dispute the legal settlement of said indigent.   The village of Black Creek, an incorporated village located in Outagamie county, Wisconsin, was not a party to the proceedings originally, but has become a necessary and interested party by reason of the facts.

The statute under consideration, sec. 49.03 (9), provides:

"When a poor person is given relief in some other county or municipality than the one in which he has a legal settlement, either county or municipality involved may apply to the county judge or municipal judge of its county or municipality for an order directing such poor person to return to the county or municipality of his legal settlement, all expenses of removal to be paid by the county or municipality in which such poor person has a legal residence or settlement. Upon the filing of such petition the county or municipal judge shall issue an order directing the poor person to return to such municipality, unless it shall clearly appear that such removal would be against his best interest. Upon issuance of any such order no further public relief shall be given to the person to whom it is directed until he shall comply therewith."

The matter came on for hearing before the county judge of Brown county on December 28, 1933. All interested parties appeared at this hearing. The record shows that said hearing was had pursuant to notice given to all interested parties. Testimony of the indigent and other witnesses was taken at the hearing, and at the request of the district attorney of Chippewa county the matter was adjourned until January 18, 1934, for the purpose of taking additional testimony. Thereafter further adjournments were had, and on July 12, 1934, the county judge of Brown county made the following order:

· "It is hereby ordered that Mrs. Hazel Jeness be and is hereby directed, upon the furnishing to her the expense thereof, to return to Chippewa county, Wisconsin, and in case of her failure so to do, no further public relief shall be given to her until she shall comply therewith."

Chippewa county appeals from this order. It is contended on behalf of Outagamie county that the order is not appealable. Sub. (9) of sec. 49.03, Stats., was enacted by

the legislature in 1931 as ch. 92 of said session, apparently intended to meet a new condition in the matter of poor relief. It will be noted that it is not a proceeding in the court. Under the statute the application or petition is to the county judge or municipal judge. The proceeding is purely statutory; except for the statute, the petitioner would have had no right to apply to the county judge of Brown county for the order in question.

It is considered that this case falls clearly within the principle that where the law gives a new remedy to meet a new situation, the remedy provided by the law is exclusive, and that where an appeal is not given by the law creating the procedure, no appeal lies. *Baxter v. Sleeman,* 196 Wis. 562, 221 N. W. 382; *Petition of Long,* 176 Wis. 361, 187 N. W. 167; *State ex rel. Cook v. Houser,* 122 Wis. 534, 100 N. W. 964; *Puffer v. Welch,* 141 Wis. 304, 124 N. W. 406.

Since the appeal must be dismissed, there is no occasion to consider other questions discussed in the briefs of counsel.

*By the Court.*—The appeal from the order entered by the county judge of Brown county on July 12, 1934, is dismissed.