STATE EX REL. RUSSELL and others, Appellants, vs. BOARD OF APPEALS OF THE VILLAGE OF PRAIRIE DU SAC and others, Respondents.

*April 8—May 13, 1947.*

For the appellants there was a brief by *Hill, Miller & Hill* of Baraboo, and oral argument by *James H. Hill, Jr.*

For the respondents there was a brief by *Langer & Cross* of Baraboo, and oral argument by *H. M. Langer.*

FAIRCHILD, J. Curtis did not comply with art. IX of the zoning ordinance in entering his appeal, for he did not file the notice required, specifying the grounds for appeal. The ordinance requires a notice in the nature of a pleading setting forth a cause. The notices Curtis filed merely requested consideration by the board of the application which had been denied by the building inspector. Neither notice specified the grounds for appeal. Art. IX of ordinance 12.17 makes the allegation of the grounds for appeal a vital part of the appeal, and since that requirement of the ordinance was not met, the matter was not before the Board of Appeals.

There is an indication in the trial court's decision that all the parties concerned in this case knew the reason for Curtis' appeal even though it was not stated and that therefore the defect in his appeal should not stand in his way. Although it may be true that in this particular case there was such general knowledge of the reason for the appeal, this court cannot in effect change legislation which requires a written notice of appeal specifying the grounds thereof.

While not literally in point so far as the facts are concerned, the following case presents the general rule in an opinion by Chief Justice KEPHART, *Colteryahn Sanitary Dairy v. Milk Control Comm.* (1938) 332 Pa. 15, 1 Atl. (2d) 775, 122 A. L. R. 1049, at page 1056: "The form of the petition for appeal to the court below in these cases has also been called to our attention. The law requires that the petitioner shall state facts

in support of his objections sufficient to constitute a *prima facie* case. Since this was not done in the present cases, the omission would be fatal to the proceedings. It is well settled . . . that where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued, to the exclusion of other methods of redress. . . . This is particularly true of special statutory appeals from the action of administrative bodies."

Inasmuch as the matter was not properly before the Board of Appeals, the broad powers given to that board by sec. (7) of art. IX of ordinance 12.17 cannot be invoked. Neither can we here consider the merits of the case: Whether Curtis had acquired a sufficient vested interest to permit the issuance of a permit in spite of the amendment of the zoning ordinance changing the nature of the district in which his property was located.

*By the Court.*—Judgment reversed. Cause remanded with directions to vacate and set aside the action of the Board of Appeals in granting the permit to Curtis.