Essock and wife, Appellants, v. Town of Cold Spring and others, Respondents.

*March 8—April 5, 1960.*

For the appellants there was a brief by *Geffs, Geffs, Block & Geffs* of Janesville, and oral argument by *Jacob Geffs.*

For the respondents other than Alex J. Schremp, county treasurer, there was a brief by *Mistele & Smith* of Jefferson, and by *Harold H. Eberhardt,* district attorney, for the respondent Schremp, and oral argument by *Richard C. Smith.*

DIETERICH, J.   This matter came on for hearing before the trial court on the plaintiffs' demurrer to the defendants' plea in bar contained in their answer, and a stipulation was entered into between the parties that the court dispose of all the issues upon the merits including the defendants' plea in bar.

The plea in bar set up by the defendants is that in accordance with sec. "1363" and other related sections, Stats. 1898, the plaintiffs were required to appeal the drainage assessment of December 10, 1957, within fifteen days; that the plaintiffs having failed to take their appeal as prescribed by the 1898 statutes they are barred from bringing the present action and thereby waived their right to object to the nature or amount of the present drainage assessment.

Sec. 1366, Stats. 1898, provides:

"APPEALS, HOW TAKEN. If the owner of any land taken as aforesaid shall not be satisfied with the amount awarded to him for damages or if any owner shall not be satisfied to pay the sum assessed against his land for benefits he may, at any time within fifteen days after the filing of such award of damages or certificate of assessment for benefits, as the case may be, file with the town clerk a notice of an appeal from the decision of the supervisors, which notice shall contain a description of his lands with the amount of damages awarded to such land or the amount of the benefits assessed upon the same, as the case may be, with notice that he will on a certain day and place named therein, not less than six nor more than ten days after the date of such filing, apply to a justice of the peace of the county, naming him, for a jury to appraise such damages or such benefits, as the case may be. Any owner may, by one notice, appeal both from the award of damages and the assessment of benefits, and any number of such owners of land to whom damages were awarded or against whom benefits were assessed may join in such appeal. On presentation of such notice to the town clerk by the party interested or by his agent or attorney such clerk shall immediately file the same and deliver a certified copy thereof to the person so presenting it."

The trial court held that the plaintiffs' action was defeated by the plea in bar and that sec. 88.30, Stats. 1957, although ambiguous, provided the method, procedure, and limitation under which the plaintiffs could bring their cause of action.

Sec. 88.30, Stats. 1957, provides as follows:

"DRAINS MAY BE ALTERED. Any drain, ditch, or water-course laid out and constructed under the provisions of statutes now repealed, and which is not within or under the jurisdiction of any farm drainage law district or drainage district law district or the drainage commissioners or board thereof may be altered, widened, deepened, or discontinued by the same authority, and upon like application, petition, and proceedings, so far as applicable, required to be taken for laying out and constructing the same."

The trial court stated in its written opinion:

"Obviously the effect of this section was to preserve for the landowners in the existing town drainage districts the right to appeal from an order 'widening or deepening' the ditch. The language of the quoted section makes it clear that the appeal is to be taken in the same manner as is provided for in the statute under which the ditch was organized from an order 'laying out and constructing the same.'

"This appeal was provided for by sec. 1367 of the old chapter 54 of the statutes of 1898 in the following language;

" 'Any landowner aggrieved by any order of supervisors laying out or refusing to lay out any ditch or drain or any order awarding damages or assessing benefits therefrom may within twenty days serve upon the supervisors a notice that he appeals therefrom to the county court of the county . . .' "

It is apparent from the briefs and a search of the 1898 statutes that the defendants and court erred in stating that the above-quoted sec. 1367 was contained in the old ch. 54 of the statutes of 1898. This section applies to obtaining a jury. Sec. 1366 limits appeal to fifteen days. Sec. 1367, Stats. 1917, contains the limitation referred to by the parties. These sections have no application to the plaintiffs' cause of action.

The proceeding or action commenced by the plaintiffs is to avoid the payment of a special assessment and taxes levied and to restrain the levy of such taxes made by the town board pursuant to sec. 88.33, Stats. 1957. The plaintiffs' cause of action is governed by sec. 330.24, Stats. 1957, which provides:

"WITHIN NINE MONTHS. Every action or proceeding to avoid any special assessment, or taxes levied pursuant to the same, or to restrain the levy of such taxes or the sale of lands for the nonpayment of such taxes, shall be brought within nine months from the notice thereof, and not thereafter. . . ."

The plaintiffs' action having been commenced within the time provided in sec. 330.24, Stats. 1957, the defendants cannot prevail on their special plea in bar.

The trial of this action having been on the merits, a review of the record reveals the following facts.

The Williams Town Ditch is a town drainage district organized pursuant to the provisions of ch. 54, statutes of 1898. The plaintiffs are the owners of 351 acres of land in the town of Cold Spring. Their farm is drained by the Williams Town Ditch, which has been in existence since 1904. The length of as much of the ditch as is contiguous to the plaintiffs' farm is 213½ or 219 rods.

On July 17, 1957, certain landowners within the area drained by the Williams Town Ditch filed a complaint with the town clerk requesting the town board to remove certain obstructions in the ditch. The town board, proceeding in conformity with the provisions of sec. 88.33, Stats. 1957, inspected the ditch and found it obstructed with dirt, trees, and leaves. On August 1, 1957, the following notice was sent to the plaintiffs:

"Whereas complaint has been made to the town board of the town of Cold Spring that said town ditch is obstructed with dirt and other materials so that the natural flow of water along the same is prevented, and the town board of Cold Spring having viewed the same and being satisfied that said ditch is so obstructed with dirt and other materials that the natural flow of water is prevented.

"Now the town board of town of Cold Spring hereby directs Henry and Ireta Essock owning land drained by said town ditch to remove their share of said obstruction within fifteen days from date hereof.

"Said town ditch to be cleaned to a depth and width necessary for good drainage for all concerned."

After fifteen days had elapsed without action by the plaintiffs, the town board caused the ditch to be cleaned.

On December 10, 1957, a notice of assessment in the amount of $791.94 was mailed to the plaintiffs.

Sec. 88.33, Stats. 1957, provides as follows:

"PROCEEDINGS ON COMPLAINT OF OBSTRUCTION. *Whenever any such drain, ditch, or watercourse, the maintenance and repair of which is chargeable to specific lands under the town drain laws of 1898 has, from any cause, become obstructed so that the natural flow of water along the same is prevented any person feeling himself aggrieved thereby may make complaint to the supervisors of the town where such obstruction is, who shall view the same, and, on being satisfied that the same is so obstructed, shall make an order, under their hands,* stating the nature of such obstruction with reasonable certainty *and directing the owner or occupant of the lands charged with the maintenance and repair thereof to remove such obstruction within a reasonable time, to be fixed in such order,* having reference to the season of the year and the condition of the ground, and shall cause a copy of such order to be served upon such owner or occupant. *If such obstruction be not removed by such owner or occupant within the time so fixed,* or in case it be denied, then within the time fixed by the certificate of the jury, as hereinafter provided, such owner or occupant shall forfeit the sum of fifty cents for every day during which such obstruction shall thereafter continue; *and the supervisors may cause the same to be removed and charge the expenses thereof on the lands so charged with the maintenance and repair of such drain, ditch, or watercourse, and shall order the town clerk to enter the same upon the next tax roll as a tax upon such lands;* and the money when collected shall be paid out on the order of the supervisors to defray the expenses of removing such obstruction. . . ." (Italics supplied.)

The law in this state is well settled that where statutory remedies are provided, the procedure prescribed by the statute must be strictly pursued to the exclusion of other methods of redress. *Benka v. Consolidated Water Power*

*Co.* (1929), 198 Wis. 472, 224 N. W. 718; *State ex rel. Russell v. Board of Appeals* (1947), 250 Wis. 394, 27 N. W. (2d) 378; and *Marshall Drainage Dist. v. Festge* (1956), 272 Wis. 114, 74 N. W. (2d) 616.

The record establishes that the drainage ditch was constructed in 1904, pursuant to the provisions of the 1898 statutes.

Sec. 1363, Stats. 1898, provides as follows:

"DRAINS IN SECTIONS; DAMAGES; MAINTENANCE, ETC. Whenever the supervisors shall have decided to lay out and construct any such drain, ditch, or watercourse they shall divide the same into sections, not less in number than the number of the several parcels of land which will be directly benefited by the construction thereof, and they shall determine which section shall be maintained and kept in repair by the owner of each such parcel of land so benefited; they shall estimate the cost of constructing each such section separately and also the damages which any owner of any parcel of land through which the same has been laid out will sustain by reason of the construction and opening of such drain, ditch, or watercourse. The cost of such construction and all the damages occasioned thereby, together with the costs and expenses of surveys, maps, plans, and estimates, shall be held to be the total cost of such drain, ditch, or watercourse. . . . Whenever it is necessary for the purpose of draining to make so deep a cut through any land that in the opinion of the town board it would be unjust to impose the duty of keeping such cut or any part of it in repair on any one of the persons therein interested, the town board may order such cut to be kept in repair, under their direction, at the expense of the persons owning the lands benefited, and may apportion such expense among such owners; and as often as repairs are made report the expense to such owners, and the sum required to be paid by each, and to the town clerk, who shall insert the same in the next tax roll as a tax on such land, and the same shall be collected as other taxes on real estate are collected. . . ."

Sec. 1364, Stats. 1898, provides:

"APPORTIONMENT OF COST. The supervisors shall then apportion and assess the total cost of construction upon the several tracts of land in the town which, in their judgment, will be directly benefited by the construction and opening of such drain, ditch, or watercourse, whether such drain, ditch, or watercourse will pass through the same or not, and upon the several owners thereof, if known, in proportion to the benefits to be respectively derived by such tracts of land thereby; and in case any public highway in the town will be benefited they shall determine the amount of such benefit, which shall be paid by the town, and the remainder of such cost only shall then be apportioned and assessed to the lands benefited. They shall make and sign a certificate of such assessment, setting forth the total cost of construction, a separate description of each piece or parcel of land in their town which, in their judgment, will be directly benefited and the amount assessed by them to the same, and shall, within ten days after filing the order laying out such drain, ditch, or watercourse cause the same to be filed and recorded in the town clerk's office."

The assessment to the plaintiffs and other landowners was made in proportion to the area of the lands benefited. The plaintiffs contend the assessment should be in proportion to the actual length of the ditch and the work done in so much of the ditch as is contiguous to the plaintiffs' land.

The town board, in apportioning and assessing the total cost of removing the obstructions consisting of dirt and other materials obstructing the natural flow of water in the ditch, apportioned the total assessment against each landowner upon the basis of cost per acre owned by him and directly benefited by the drainage ditch. This was the same method that was required under secs. 1363 and 1364, Stats. 1898, and used by the town board to apportion the original cost when the ditch was constructed in 1904.

The record establishes that the requirements of sec. 88.33, Stats. 1957, have been complied with, therefore, it follows that the drainage assessment made by the town board against the property benefited and the method and manner in which it apportioned the assessment being neither arbitrary nor unreasonable, its action and determination are conclusive. The apportionment of the amount of special assessment against the plaintiffs' acreage is valid. *Teegarden v. Racine* (1883), 56 Wis. 545, 14 N. W. 614; *Lamasco Realty Co. v. Milwaukee* (1943), 242 Wis. 357, 8 N. W. (2d) 372, 8 N. W. (2d) 865; and 17A Am. Jur., Drains and Sewers, pp. 488, 489, sec. 66.

The judgment dismissing the plaintiffs' complaint is affirmed.

*By the Court.*—Judgment affirmed.