MURPHY and others, Respondents, v. MILLER BREWING COMPANY, Appellant: LOCAL UNION NO. 9 OF THE INTERNATIONAL UNION OF THE UNITED BREWERY, FLOUR, CEREAL, SOFT DRINK and DISTILLERY WORKERS OF AMERICA and another, Third-Party Defendants.

*No. 93.   Argued February 2, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 141.)

For the appellant there were briefs by *T. L. Tolan, Jr.,* and *Samuel J. Recht,* attorneys, and *Brady, Tyrrell, Cotter & Cutler* of counsel, all of Milwaukee, and oral argument by *Mr. Recht.*

For the respondents there was a brief by *Charne, Glassner, Tehan, Clancy & Taitelman* of Milwaukee, and oral argument by *Irvin B. Charne.*

Connor T. Hansen, J.   On October 8, 1965, the plaintiffs-respondents commenced this action for back pay, based on the defendant's alleged discrimination because of sex.  Two causes of action are set forth in the com-

plaint; one alleges that the lower wage rate is unlawful because it is based on discrimination in employment because of sex; the other alleges a breach of the applicable collective bargaining agreements. The defendant first demurred to the complaint on the ground that the court lacked jurisdiction over the subject matter and that the complaint did not state a cause of action.

By stipulation of the parties and order of the court, the matter was held in abeyance pending determination of an action between the same parties before the industrial commission. In that action, the industrial commission found the defendant had unlawfully discriminated against the plaintiffs because of sex, resulting in a 70 cents per hour differential in wages between men and women performing work in the analytical laboratory of the defendant. The industrial commission ordered the defendant to pay the plaintiffs an amount equal to the wage differential of 70 cents per hour for each hour worked by the plaintiffs for the period from October 10, 1961, to July 10, 1964. In *Murphy v. Industrial Comm.* (1968), 37 Wis. 2d 704, 155 N. W. 2d 545, 157 N. W. 2d 568, this court reversed the back pay award holding that under the provisions of sec. 111.36, Stats., the industrial commission had no authority to award back wages.

Thereafter, the present action was resumed. The defendant withdrew its demurrer and on May 15, 1969, filed an answer which among other things set forth two affirmative defenses; one alleging that the jurisdiction and remedy provided by the Wisconsin statutes for any alleged discrimination because of sex was exclusively lodged in the industrial commission and that the court had no power to grant any remedy in addition to that already provided them; and the second alleging that the plaintiffs were not entitled to a remedy because the purpose of the statute is not to award damages for past actions but rather to eliminate future discrimina-

tion. The defendant then moved for summary judgment based on the two affirmative defenses set forth in the answer and supporting affidavits and exhibits. The trial court, by order dated February 11, 1970, denied the motion for summary judgment. The defendant has appealed from that order.

In order to reverse the order of the trial court in this case, it would be necessary for us to find that the trial court did not have jurisdiction over the action, or that it abused its discretion in denying defendant's motion for summary judgment. We conclude the trial court had jurisdiction over the action and that it did not abuse its discretion in denying the defendant's motion for summary judgment.

## Jurisdiction.

Subchapter II of ch. 111, Stats., declares certain discriminatory practices unlawful, among them discrimination because of sex in certain employment practices. Sec. 111.33 provides that secs. 111.31 to 111.36 shall be administered by the department of industry, labor & human relations (formerly industrial commission). Sec. 111.36 gives the department power to investigate complaints charging discriminatory practices, make recommendations and findings, and order compliance with the recommendations. However, these remedies are prospective only and sec. 111.36 does not authorize the department to order back pay. *Murphy v. Industrial Comm., supra.* The present suit is a civil action for damages based on past unlawful discrimination. Thus, it is not within the scope of the department's jurisdiction. The complaint alleges causes of action on an implied civil liability for discrimination in violation of sec. 111.36 (4), based on tort and on breach of contract. The circuit courts have subject matter jurisdiction over civil actions between private parties.

Sec. 252.03, Stats., provides in part:

". . . The circuit courts have the general jurisdiction prescribed for them by the constitution . . . They have power to hear and determine, . . . all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court; . . ."

Sec. 262.04 (1), Stats., defines subject matter jurisdiction as ". . . . The power of the court to hear the kind of action brought."

Under these statutes, jurisdiction depends not on whether the relief asked for is available, but on whether the court has the power to hear the kind of action brought. Thus, the circuit court has jurisdiction to determine whether the plaintiffs do, in fact, have a cause of action for damages for unlawful discrimination.

The difference between dismissal for want of jurisdiction and for failure to state a cause of action is discussed in *Bell v. Hood* (1946), 327 U. S. 678, 682, 66 Sup. Ct. 773, 90 L. Ed. 939. In that case the petitioners brought a suit in a federal district court against FBI agents to recover damages alleged to have been sustained as a result of violations of their rights under the fourth and fifth amendments. The district court dismissed for want of jurisdiction. The supreme court reversed stating the court must assume jurisdiction to determine whether the petitioners have a cause of action for damages: [1]

". . . . [T]he court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy.

"Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judg-

[1] The district court, on remand, dismissed the suit for failure to state a cause of action. (D. C. Cal. 1947), 71 Fed. Supp. 813.

ment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. . . ."

*Abuse of discretion.*

In *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 162 N. W. 2d 626, we stated at page 631:

"We think sec. 270.635, Stats., providing for summary judgment, does not confer a right to summary judgment but rather confers on the trial court a discretionary power to grant summary judgment when it believes summary disposition of a case is called for. The language of this section provides that 'Summary judgment may be entered' as provided in the section and that 'The judgment may be entered in favor of either party.' In sub. (3) it is provided that a summary judgment 'may be awarded' to the plaintiff although he has not moved therefor if upon motion by a defendant it shall appear to the court that the plaintiff is entitled to such judgment. There is no requirement, however, that the court must do so. . . ."

The trial court does not abuse its discretion in denying a motion for summary judgment unless it either incorrectly decides a legal issue or it declines to decide a legal issue which is capable of resolution in a factual vacuum. *McConnell v. L. C. L. Transit Co.* (1969), 42 Wis. 2d 429, 435, 167 N. W. 2d 226.

In this case the trial court decided it had jurisdiction over the type of action commenced. We here affirm that decision. Otherwise, the trial judge has decided no legal issue. Therefore, if we are to find abuse of dis-

cretion it must be because of the failure to decide a legal issue which was capable of resolution in a factual vacuum.

In his opinion, the trial court stated that it appeared the issues, both factual and legal, posed by the motion for summary judgment are too complex to be resolved in the sterile vacuity of summary judgment.

". . . If the trial court has doubt whether all material facts are presented or some are in dispute, or believes opposite reasonable inferences may be drawn, or that the affidavits are not sufficient, either quantitatively or qualitatively, to raise the legal question, then, the trial court should not consider the legal question. If both parties are in earnest and desire a legal question decided, they may submit it on an agreed statement of facts under sec. 269.01, Stats." *Cranston v. Bluhm* (1969), 42 Wis. 2d 425, 428, 167 N. W. 2d 236.

Also, in *Zimmer v. Daun, supra,* page 630, this court pointed out that:

". . . A trial court need not decide a question of law on a motion for summary judgment under sec. 270.635, Stats., even though no conflict of material facts exists. . . ."

However, in this case, from an examination of the record we find that the defendant denies that male employees worked in defendant's analytical laboratory on the first shift; that work performed by plaintiffs required equal skill, effort and responsibility as work performed by male technicians; that the lower wage scale was based solely on sex; and that the difference in wage rates was discriminatory when taking shift differential into consideration.

It cannot be said that the denial of the defendant's motion for summary judgment was either error or an abuse of its discretion.

*By the Court.*—Order affirmed.