GREEN and others, Trustees, and others, Respondents, v. GRANVILLE LUMBER & FUEL COMPANY, Appellant.

*No. 231. Argued October 1, 1973.—Decided October 30, 1973.*
(Also reported in 211 N. W. 2d 467.)

For the appellant there were briefs by *Honeck, Mantyh & Arndt* of Milwaukee, and oral argument by *William J. Mantyh.*

For the respondents there was a brief by *Goldberg, Previant & Uelmen* and *Thomas P. Krukowski* and *John S. Williamson, Jr.,* all of Milwaukee, and oral argument by *Mr. Krukowski.*

CONNOR T. HANSEN, J.  The cause was submitted to the trial court on a stipulation of facts which the court adopted as its findings of fact. The stipulation reflects that the defendant had entered into two collective bargaining agreements with the Carpenters' District Council of Milwaukee County and Vicinity of the United Brotherhood of Carpenters and Joiners of America,

AFL-CIO, Local 1582 (hereinafter Union). The first contract ran from June 1, 1964, to May 31, 1966, and the second one from June 1, 1966, to May 31, 1969. Both contracts required the defendant to pay certain sums to the union pension trust fund and the union welfare fund. The first contract provided for the payment of 15 cents per employee per hour for actual time worked by each employee, with a maximum of 40 straight-time hours per week. The second contract increased the payment to the welfare fund to 20 cents per hour, effective December 1, 1966.

The second contract also provided for a vacation pay plan. This provision required the defendant to pay into the vacation fund the sum of $6 per week per man, except "trainees." Both contracts provided that the payments were to be made monthly with a $2 per employee penalty to be assessed for each month, or fraction thereof, that the defendant is delinquent.

For the purposes of this litigation, the parties further stipulated that the following amounts are due and owing pursuant to the collective bargaining agreement:

"Building Trades United
Pension Trust Fund................ $648.25

"Carpenters District Council
Welfare Fund..................... 709.30

"Carpenters District Council
Vacation Fund................... 14.00"

Defendant argues that since the contributions which it is admittedly obligated to pay pursuant to the terms of the collective bargaining agreement are determined by the number of hours actually worked by each employee, it follows that such payments are a part of one wage "package." Therefore, the contributions which have not been paid to the respective funds are, in fact, unpaid

wages for personal services and barred by the two-year statute of limitations contained in sec. 893.21 (5), Stats., which provides:

"(5) Any action to recover unpaid salary, wages or other compensation for personal services, except fees for professional services."

Plaintiffs argue that these contributions arise out of the collective bargaining agreement and are a "form of deferred compensation" which "serve to wed the employee to the job." Therefore, these obligations arise out of a contract and do not represent "unpaid salary, wages or other compensation for personal services," and are subject to the six-year statute of limitations of sec. 893.19 (3), Stats., which provides:

"(3) An action upon any other contract, obligation or liability, express or implied, except those mentioned in ss. 893.16 and 893.18."

Thus, the issue presented is, which statute of limitations is controlling in this particular case.

In *Estate of Javornik* (1967), 35 Wis. 2d 741, 749, 151 N. W. 2d 721, this court construed sec. 893.21 (5), Stats., in determining whether the plaintiff was barred in her claim against the decedent's estate for the care she had given Mr. Javornik before he died. It was held:

"We think 'personal services' as used in sec. 893.21 (5), Stats., means human labor such as is commonly rendered in return for a salary or a wage in the case of an employee and for 'other compensation' in the case of an independent contractor or one not in an employee relationship. Such human labor must be in the nature of a service as distinguished from the end product or the fruit of the service. While some personal services may result in a salable article or an end product, the distinguishing feature of personal services for the purpose of this section is whether the human labor itself is sought

and is the object of the compensation or whether the end product of the service is purchased."

Later, in *Younger v. Rosenow Paper & Supply Co.* (1971), 51 Wis. 2d 619, 625, 188 N. W. 2d 507, this court considered whether the plaintiff's action to recover money allegedly due under a stock purchase or bonus plan set up by his past corporate employer was governed by sec. 893.21 (5), Stats. The plaintiff in *Younger* argued that the plan had been set up not to compensate the plaintiff for his personal services but rather to "purchase" the end product of the services, *i.e.*, profit. The court concluded:

"Given all of the circumstances and facts available in this record, it is reasonable to hold that plaintiff's action here is one for breach of contract, failure to pay him the bonus as agreed, either originally or subsequently. In his complaint plaintiff was careful to allege that the bonus plan was separate from any agreement as to salary and that he had been fully compensated as agreed in that respect. Defendant does not dispute this. Although the precise terms of the agreement and the intent of the parties thereto are in dispute in the instant case, we are satisfied that the action is one for breach of contract. In light of *Estate of Javornik*, narrowly construing the two-year statute of limitations, we are satisfied that the six-year statute of limitations, sec. 893.19 (3), applies, rather than the two-year statute of limitations, sec. 893.21 (5)." *Younger, supra,* pages 626, 627.

*Estate of Schroeder* (1971), 53 Wis. 2d 59, 191 N. W. 2d 860, determined that the estate of a deceased employee was not barred by sec. 893.21 (5), Stats., from recovering retirement benefits under a pension trust plan against a former employer of the decedent. The plaintiff in *Schroeder* argued, as do the plaintiffs in this case, that his was an action to enforce a contract rather than an action to collect wages or earnings because benefits paid under a pension plan constitute more

than wages. These benefits had purchased his continued loyalty and service as an employee. The employer argued that the benefits were merely deferred compensation. The court held that:

"In this case there is no doubt that Schroeder could not have collected the 'deferred compensation' as a matter of right before he retired. Therefore, his right to pension payment was more than a claim for wages. As such, we hold that the six-year statute of limitations applies to this case for the reasons that this court advanced in *Younger v. Rosenow Paper & Supply Co., supra.*" *Estate of Schroeder, supra,* page 67.

*Tully v. Fred Olson Motor Service Co.* (1965), 27 Wis. 2d 476, 134 N. W. 2d 393, and *Cheese v. Afram Brothers Co.* (1966), 32 Wis. 2d 320, 145 N. W. 2d 716, were both actions commenced by employees to recover damages pursuant to the provisions of the respective collective bargaining agreements relating to the unlawful discharge of employees. In *Tully* and *Cheese* it was determined that the plaintiff's cause of action arose out of the contract and was therefore subject to the provisions of the six-year statute of limitations, and that the two-year statute of limitations was not applicable. We recognize that in both *Tully* and *Cheese* the employees had not actually performed any services, whereas in this case the contributions of the defendant to the various funds were calculated upon the time the respective employees actually worked for the defendant. However, the fact is that it is only in reference to the collective bargaining agreement that the plaintiffs have any cause of action.

As with many other benefits that an employee receives from his employer, the contributions of the defendant to the various funds are in one sense a form of compensation. However, as recognized in *Estate of Schroeder, supra,* they are more than this. We are of

the opinion that the money contributed by the defendant to funds was not compensation for services within the contemplation of sec. 893.21 (5), Stats. In support of this determination, we find that the vacation pay fund incorporated in the second contract expressly provides:

". . . Vacation payments shall not be considered as part of the straight-time hourly wage rate of an employee, but shall be in addition thereto. . . ."

Welfare, pension and vacation funds, as included in the instant collective bargaining agreements, seek to accomplish more than compensating the individual employee an additional 15 cents or 20 cents per hour for each hour he may work. If such payments were to be construed as "salary," "wages," or "other compensation for personal services," within the meaning of sec. 893.21 (5), Stats., there would be little or no reason for establishing trusts and effectuating their administration.

Furthermore, we believe it is well established that:

" 'A statute of limitations should not be applied to cases not clearly within its provisions. It should not be extended by construction. . . .' " *Zahn v. Taylor* (1959), 7 Wis. 2d 60, 64, 95 N. W. 2d 771.

In our opinion, the six-year statute of limitations (sec. 893.19 (3), Stats.) for actions on contract, governs this dispute over the effect of the collective bargaining agreement.

*By the Court.*—Judgment affirmed.