YANTA, Respondent, v. MONTGOMERY WARD & COMPANY, INC., Appellant.

*No. 314. Argued November 1, 1974.—Decided December 20, 1974.*
(Also reported in 224 N. W. 2d 389.)

For the appellant there was a brief by *Leon S. Schmidt, Jr.,* and *Schmidt, Thibodeau & Schmidt,* all of Wisconsin Rapids, and oral argument by *Leon S. Schmidt, Jr.*

For the respondent there was a brief by *Byron C. Crowns* and *Crowns, Merklein, Midthun, Hill & Metcalf,* all of Wisconsin Rapids, and oral argument by *Byron C. Crowns.*

WILKIE, C. J.   This is a sex discrimination case. The principal issue raised on this appeal is whether the plaintiff-respondent, Delores Yanta, states a cause of action

in her complaint filed in a civil suit commenced September 8, 1972, following her discharge on April 17, 1969, as a salesclerk for the defendant-appellant, Montgomery Ward & Company, Inc. On March 7, 1972, after proceedings charging a violation of secs. 111.31–111.37, Stats., were instituted by Delores Yanta, the discharge was found by the Department of Industry, Labor & Human Relations to be an act of sex discrimination. The department awarded prospective relief only, ordering defendant to reinstate plaintiff and to cease and desist from further discrimination.

In her civil action, Delores Yanta seeks damage recoveries arising from the following injuries allegedly proximately caused by the discriminatory firing: lost wages; "emotional and mental anguish and personal humiliation;" personal inconvenience and legal fees; and harm to character and reputation. After the defendant demurred to the complaint on the grounds that the action was barred by the statutes of limitations, and that the complaint failed to state a cause of action, the demurrer was overruled by the trial court. Montgomery Ward appeals.

We hold that the complaint, in part, does state a cause of action which is not barred by the statutes of limitations. We therefore affirm in part, reverse in part, and remand for further proceedings.

Secs. 111.31–111.37, Stats. 1969, prohibit employment discrimination based on, among other factors, sex. These statutes are administered by the Department of Industry, Labor & Human Relations, and at the time of the discrimination against plaintiff, the department had statutory authority to issue orders preventing future discrimination, but could not remedy violations in the past. In *Murphy v. Industrial Comm.*[1] this court held that while the department (then Industrial Commission)

---

[1] (1968), 37 Wis. 2d 704, 155 N. W. 2d 545, 157 N. W. 2d 568.

could issue "an order to hire, reinstate, or whatever is appropriate to eliminate the discrimination in the future," [2] nevertheless the department:

". . . has no authority under the Wisconsin Fair Employment Practices Act, ch. 111, subchapter II, of the Wisconsin Statutes, secs. 111.31 to 111.37, either during or after conciliation or after hearing, to award back pay to parties discriminated against on account of their sex in the wages paid them." [3]

A recent amendment, effective June 15, 1974, now permits the department to award back pay,[4] but this change in the law occurred long after the discrimination against plaintiff and the subsequent cease and desist and discrimination orders of department.

Plaintiff's present action for back pay and other damages is grounded in the theory that secs. 111.31–111.37, Stats., create a private civil cause of action to recover for past injuries arising out of employment discrimination. Nothing in these statutes expressly mentions private actions. However, plaintiff relies particularly on the following sections in arguing such a cause of action is implied:

---

[2] *Id.* at page 712.

[3] *Id.* at page 712a.

[4] Ch. 268, Laws of 1973, created sec. 111.36 (3) (b), Stats., as follows: "(b) If, after hearing, the department finds that the respondent has engaged in discrimination, it shall make written findings and order such action by the respondent as will effectuate the purpose of this subchapter, with or without back pay. Back pay liability shall not accrue from a date more than 2 years prior to the filing of a complaint with the department. Interim earnings or amounts earnable with reasonable diligence by the person discriminated against shall operate to reduce back pay otherwise allowable. Amounts received by the person discriminated against as unemployment benefits or welfare payments shall not reduce the back pay otherwise allowable, but shall be withheld from the person discriminated against and immediately paid to the unemployment reserve fund or, in the case of a welfare payment, to the welfare agency making such payment."

"111.31 **Declaration of policy.** (1) The practice of denying employment and other opportunities to, and discriminating against, properly qualified persons by reason of their age, race, creed, color, handicap, sex, national origin or ancestry, is likely to foment domestic strife and unrest, and substantially and adversely affect the general welfare of a state by depriving it of the fullest utilization of its capacities for production. The denial by some employers, licensing agencies and labor unions of employment opportunities to such persons solely because of their age, race, creed, color, handicap, sex, national origin or ancestry, and discrimination against them in employment, tends to deprive *the victims of the earnings which are necessary to maintain a just and decent standard of living, thereby committing grave injury to them.* [Emphasis supplied.]

"(2) It is believed by many students of the problem that protection by law of the rights of all people to obtain gainful employment, and other privileges free from discrimination because of age, race, creed, color, handicap, sex, national origin or ancestry, would remove certain recognized sources of strife and unrest, and encourage the full utilization of the productive resources of the state to the benefit of the state, the family and to all the people of the state.

"(3) In the interpretation and application of this subchapter, and otherwise, it is declared to be the public policy of the state to encourage and foster to the fullest extent practicable the employment of all properly qualified persons regardless of their age, race, creed, color, handicap, sex, national origin or ancestry. This subchapter shall be liberally construed for the accomplishment of this purpose."

"111.32 . . . (5) . . .
"(g) It is discrimination because of sex:
"1. For an employer, labor organization, licensing agency or person to refuse to hire, employ, admit or license, or to bar or to terminate from employment or licensing such individual, or to discriminate against such individual in promotion, compensation or in terms, conditions or privileges of employment or licensing; . . ."

"111.325 **Unlawful to discriminate.** It is unlawful for any employer, labor organization, licensing agency or

person to discriminate against any employe or any applicant for employment or licensing."

To support her contentions, plaintiff relies on art. I, sec. 9 of the Wisconsin Constitution providing that every person is entitled to a certain remedy for all injuries. Additionally, plaintiff contends that in the 1971 decision in *Murphy v. Miller Brewing Co.*[5] this court held that secs. 111.31–111.37, Stats., authorized private causes of action for sex discrimination.

Defendant, on the other hand, argues that *Murphy* never reached the question of whether private actions are maintainable. Defendant then relies on *Ross v. Ebert*[6] where this court held that the express statutory administrative remedies for employment discrimination were exclusive, and that therefore no private cause of action could be maintained.

The parties' opposing views concerning *Murphy v. Miller Brewing Co., supra,* must be resolved first. We agree with defendant that the court did not decide the question of the propriety of private employment discrimination actions. The plaintiff in that case pursued a civil action to recover back pay based on an illegal sex-based salary differential, after this court in *Murphy v. Industrial Comm., supra,* held the commission could not award the back pay. The defendant Miller Brewing Company moved for summary judgment on the grounds that the circuit court had no subject matter jurisdiction and that the complaint failed to state a cause of action. The trial court overruled the motion finding that it had jurisdiction, but it declined to rule on the question of whether the complaint stated a cause of action. This

[5] (1971), 50 Wis. 2d 323, 184 N. W. 2d 141. The previous case of *Murphy v. Industrial Comm., supra,* footnote 1, held only that the enabling statute did not permit the Department of Industry, Labor & Human Relations to order back pay in a proceeding before that agency.

[6] (1957), 275 Wis. 523, 82 N. W. 2d 315.

court also found that the circuit court had jurisdiction, but carefully stated that:

". . . jurisdiction depends not on whether the relief asked for is available, but on whether the court has the power to hear the kind of action brought. Thus, the circuit court has jurisdiction to determine whether the plaintiffs do, in fact, have a cause of action for damages for unlawful discrimination." [7]

Concerning this latter determination, this court made no decision but instead merely found that the trial court's failure to decide was not an abuse of discretion. Thus, the court did not rule on this question and the decision, therefore, does not support the contentions of either plaintiff or defendant in the case at bar.

In *Ross v. Ebert*,[8] the plaintiffs were two Negroes who were refused membership in a labor union. The industrial commission found the refusal solely based on racial grounds, recommended that the union admit plaintiffs as members, and publicized its findings, the sole statutory remedies under ch. 111, Stats., at the time. When the union continued to refuse them admission, plaintiffs sought injunctive relief in circuit court. This court upheld the trial court's decision sustaining demurrers to the complaints. First, the court said, ch. 111 did not actually declare discrimination unlawful and therefore did not create any new legal rights. This portion of the opinion is no longer viable, since sec. 111.325 now expressly declares discrimination unlawful. However, the court held that even if such right were created, the statutory remedies provided were exclusive, and plaintiffs could not mount a civil action to receive any additional relief:

". . . But if such right was created we must look to the statute to see if the remedy or penalty for a

---

[7] *Murphy, supra,* footnote 5, at page 327.
[8] (1957), 275 Wis. 523, 82 N. W. 2d 315.

violation is provided. If it is, that remedy is exclusive. *State ex rel Russell v. Board of Appeals* (1947), 250 Wis. 394, 397, 27 N. W. (2d) 378; *LeFevre v. Goodland* (1945), 247 Wis. 512, 516, 517, 19 N. W. (2d) 884. Where the law gives a new remedy to meet a new situation, the remedy provided by the law is exclusive. *In re Jeness* (1935), 218 Wis. 447, 450, 261 N. W. 415.

". . . Investigation, publicity, and a commission recommendation are what the statute provides in consequence of racial discrimination practiced by an employer or a union. We grant it is cold comfort to appellants but it is all the legislature saw fit to provide." [9]

The court also held that art. I, sec. 9 of the state constitution, did not require the court to provide a remedy for racial discrimination. [10]

Plaintiff attempts to distinguish *Ross* on the theory that the court solely held that discrimination by labor unions was not covered by the applicable discrimination statutes. This interpretation is wrong. The statute did cover such discrimination. Moreover, the industrial commission had already determined, as in the instant case, that the plaintiffs had been discriminated against. Thus the issue presented to the court in *Ross* was precisely the same issue presented here—whether plaintiff could receive relief through a civil action unavailable from the administrative agency.

It must be noted, however, that the decision in *Ross* was substantially based on the legislative history of ch. 111, Stats., indicating the legislature intentionally

[9] *Id.* at pages 528, 529. This court has consistently held that statutory remedies for newly created rights are exclusive. *See, State ex rel. Conn v. Board of Trustees* (1969), 44 Wis. 2d 479, 482, 171 N. W. 2d 418; *Burke v. Madison* (1962), 17 Wis. 2d 623, 630, 638a, 117 N. W. 2d 580, 118 N. W. 2d 898; *Essock v. Cold Spring* (1960), 10 Wis. 2d 98, 104, 105, 102 N. W. 2d 110.

[10] *See also: Metzger v. Department of Taxation* (1967), 35 Wis. 2d 119, 128–130, 150 N. W. 2d 431, where the court held that art. I, sec. 9, Wis. Const., does not entitle litigants to what they might consider the best remedy, but merely to their day in court.

failed to put teeth into the employment discrimination statutes. It was clear in *Ross* that judicial creation of a private cause of action for injunctive relief would be contrary to legislative intent. As recently created by ch. 268, Laws of 1973, however, sec. 111.36 (3) (b) now permits the department to award back pay. The new subsection represents a legislative determination that the statutory rights of those discriminated against were not adequately protected by the availability of prospective relief only.

Thus, even though the change in the statutes came too late to affect plaintiff's rights before the department, the narrow question now before us is whether this court can now take cognizance of the change in legislative attitude, so as to permit the plaintiff to pursue a cause of action for lost wages.

As stated in American Jurisprudence 2d: [11]

". . . It is well settled . . . that a private right of action may be predicated upon the violation of a statute containing a mandate to do an act for the benefit of another or prohibiting the doing of an act which might cause injury to another, even though no such right of action is given by the express terms of such statute; this depends upon intent to impose liability, whether the statute purports merely to secure the safety or welfare of the public generally, or the duty prescribed for the benefit of an individual specially injured by its violation."

This situation is comparable to the tort law doctrine that the violation of certain statutes constitutes negligence per se. This court has held numerous times that where a defendant violates a statute designed to prevent a certain kind of harm to a certain class of persons,

---

[11] 1 Am. Jur. 2d, *Actions*, p. 601, sec. 73. A stated exception to this rule is that where a new right is created, the statutory remedy is considered exclusive unless a contrary intention is demonstrated. Here, the amendment of the statute to permit awarding of back pay constitutes a contrary intention.

and the plaintiff was so harmed and was in that class of persons, then violation of the statute constitutes negligence per se even though the statute contains no such express provision.[12] Although the present action is not founded on negligence, the situations are similar, since in violating the statute, defendant breached a duty owed to the plaintiff. Defendant should therefore be required to compensate plaintiff for causing the kind of harm the statute was designed to prevent.

Here, the statute was designed to prevent the loss of wages resulting from employment discrimination. Sec. 111.31, Stats., provides in part:

". . . discrimination against them in employment, tends to deprive the victims of the earnings which are necessary to maintain a just and decent standard of living, thereby committing grave injury to them."

Furthermore, the new sec. 111.36 (3) (b), Stats., specifically permits the department to award back pay. Although the statutes were changed after the discrimination occurred, this fact does not present any difficulties because in recognizing this cause of action, the court is acting no differently than in situations where it creates a new cause of action based on, for example, a section of the Restatement.[13] Thus we conclude that plaintiff's complaint states a cause of action insofar as it seeks damages for lost wages while plaintiff was unemployed.

We limit plaintiff's right to damages to the right to seek recovery for lost wages rather than for emotional harm, harm to reputation, or attorney's fees.

The statutes expressly refer to harm from loss of wages; they do not refer to emotional or reputation

[12] *Weiss v. Holman* (1973), 58 Wis. 2d 608, 616, 617, 207 N. W. 2d 660; *Schicker v. Leick* (1968), 40 Wis. 2d 295, 300, 301, 162 N. W. 2d 66. Prosser, *Torts* (4th ed.), pp. 190–204, sec. 36.

[13] *State v. Michels Pipeline Construction, Inc.* (1974), 63 Wis. 2d 278, 217 N. W. 2d 339.

harm or attorney's fees. This court has held that attorney's fees may not be recovered as an item of damages.[14] Furthermore, we have limited the right to recover for emotional harm in the absence of physical injuries to certain unusual and aggravated circumstances not alleged in the complaint here.[15]

For the reasons expressed, we conclude that the plaintiff here does have a cause of action for sex discrimination, limited, however, to the recovery of lost wages.

The next issue raised on this appeal is which statute of limitations is applicable to the cause of action as limited to lost wages. Since defendant's liability here is entirely based upon statute,[16] we must conclude that

---

[14] In *Cedarburg Light & Water Comm. v. Glens Falls Ins. Co.* (1969), 42 Wis. 2d 120, 124, 125, 166 N. W. 2d 165, the court said: "As a general rule, in the absence of any contractual or statutory liability therefor, attorney's fees and expenses incurred by the plaintiff in litigation of his claim against the defendant, aside from statutory court costs and fees, are not recoverable as an item of damages. Nor are attorney's fees and other expenses incurred in former litigation between the same parties recoverable in a subsequent action. 22 Am. Jur. 2d, *Damages*, p. 234, sec. 165. *Baker v. Northwestern National Casualty Co.* (1965), 26 Wis. 2d 306, 132 N. W. 2d 493." The court then listed several exceptions to this rule that are inapplicable to the case at bar.

[15] *School District No. 1 v. ILHR Dept.* (1974), 62 Wis. 2d 370, 215 N. W. 2d 373 (nontraumatic work-connected mental harm not compensable except in extraordinary circumstances); *Ver Hagen v. Gibbons* (1970), 47 Wis. 2d 220, 227, 177 N. W. 2d 83 (negligently inflicted emotional harm not actionable unless manifested by physical injuries); *Alsteen v. Gehl* (1963), 21 Wis. 2d 349, 358–361, 124 N. W. 2d 312 (no recovery for intentionally inflicted emotional harm unless defendant acted with extreme and outrageous conduct for the purpose of causing emotional distress, and an extreme disabling emotional response resulted).

[16] In the absence of contrary statutory or contract provisions, an employer may discharge his employees for any reason without incurring liability therefor. *Kovachik v. American Automobile Asso.* (1958), 5 Wis. 2d 188, 92 N. W. 2d 254. *See also: Klug v. Flambeau Plastics Corp.* (1974), 62 Wis. 2d 141, 148, 149, 214 N. W. 2d 281; *Goff v. Massachusetts Protective Asso., Inc.* (1970),

the six-year statute of limitations set forth in sec. 893.19 (4), Stats., is applicable: [17]

"893.19 **Within 6 years;** . . .

". . .

"(4) An action upon a liability created by statute when a different limitation is not prescribed by law."

Is a different limitation prescribed by law that would render sec. 893.19 (4), Stats., inapplicable? We think not.

Defendant argues that the two-year limitation contained in sec. 893.21 (5), Stats., applies here:

"893.21 **Within 2 years.** Within 2 years:

". . .

"(5) Any action to recover unpaid salary, wages or other compensation for personal services, except fees for professional services."

If plaintiff had actually rendered services for defendant, instead of being unemployed, then defendant's contention would be correct. As the court held in *Estate of Javornik:* [18]

". . . 'personal services' as used in sec. 893.21 (5), Stats., means human labor such as is commonly rendered in return for a salary or a wage in the case of an employee . . . ."

There is no question that the services performed by plaintiff as a salesclerk would fit into this definition.

However, the crucial fact here, which takes this controversy out of the operation of sec. 893.21 (5), Stats., is that plaintiff performed no services during the period

---

46 Wis. 2d 712, 715, 716, 176 N. W. 2d 576; *Forrer v. Sears, Roebuck & Co.* (1967), 36 Wis. 2d 388, 393, 153 N. W. 2d 587.

[17] In *Kuhl v. Chicago & N. W. Ry.* (1898), 101 Wis. 42, 77 N. W. 155, the court held this particular statute of limitation applied to actions entirely created by statute.

[18] (1967), 35 Wis. 2d 741, 749, 151 N. W. 2d 721.

for which she seeks damages. Her cause of action is not for personal services rendered, but rather for damages resulting from an illegal discharge.

The case at bar is very similar to the cases of *Tully v. Fred Olson Motor Service Co.*[19] and *Cheese v. Afram Brothers Co.*,[20] where in suits for damages for wrongful discharge in violation of a collective bargaining contract, the court held the six-year limitation applicable to contract actions governed, rather than the two-year limitation.[21] Although plaintiff is suing here based on a statute rather than a contract, the principle should still apply that sec. 893.21 (5) does not apply unless services are actually rendered.

Defendant's further contention is that sec. 893.21 (1), Stats., governs here:

---

[19] (1965), 27 Wis. 2d 476, 134 N. W. 2d 393.

[20] (1966), 32 Wis. 2d 320, 145 N. W. 2d 716.

[21] Concerning *Tully* and *Cheese*, the court in *Green v. Granville Lumber & Fuel Co.* (1973), 60 Wis. 2d 584, 589, 211 N. W. 2d 467, had this to say: ". . . In *Tully* and *Cheese* it was determined that the plaintiff's cause of action arose out of the contract and was therefore subject to the provisions of the six-year statute of limitations, and that the two-year statute of limitations was not applicable. We recognize that in both *Tully* and *Cheese* the employees had not actually performed any services, where as in this case the contributions of the defendant to the various funds were calculated upon the time the respective employees actually worked for the defendant. However, the fact is that it is only in reference to the collective bargaining agreement that the plaintiffs have any cause of action."

*Green* involved an action to compel the defendant company to contribute to union employee benefit funds as required under the collective bargaining contract. Despite the fact that the level of contributions was pegged to the time actually worked by employees and therefore resembled compensation, the court held the action was actually grounded on contract and was not designed to recover compensation for services within the meaning of sec. 893.21 (5), Stats. Therefore, the court applied the six-year limitation governing contract actions.

"893.21 **Within 2 years.** Within 2 years:

"(1) An action by a private party upon a statute penalty or forfeiture when the action is given to the party prosecuting therefor and the state, except when the statute imposing it provides a different limitation."

This argument may be quickly refuted. Plaintiff seeks to impose liability on defendant under the sex discrimination statutes. However, the statutes specify no penalty or forfeiture for their violation. If liability created by statute were construed to constitute a penalty or forfeiture within the meaning of sec. 893.21 (1), Stats., then sec. 893.19 (4) would be rendered a nullity. Therefore, we conclude that sec. 893.21 (1) does not apply here.

Since a different limitation is not prescribed by law, we must conclude that plaintiff's cause of action is governed by the six-year limitation embodied in sec. 893.19 (4), Stats. Thus, since plaintiff was fired on April 17, 1969, the period of limitation did not expire before plaintiff commenced suit.

We conclude, therefore, that a cause of action, limited to lost wages, is stated by the plaintiff's complaint herein, and we also conclude that that cause of action is not barred by the statutes of limitations.

*By the Court.*—Order affirmed in part, reversed in part, and cause remanded for further proceedings not inconsistent with this opinion.

ROBERT W. HANSEN, J. *(dissenting).* The state employment discrimination statutes [1] were amended in 1973 to provide for department awards for back pay where such discrimination is established.[2] The plaintiff here brings a private civil action for such back pay, but for a period of time not covered by the 1973 amendment.

[1] Ch. 111, subch. II, secs. 111.31 to 111.37, Stats., prohibiting employment discrimination.

[2] Ch. 268, Laws of 1973, creating sec. 111.36 (3) (b), Stats.

Without such 1973 amendment, the majority opinion concedes, under our earlier holding in *Ross*,[3] the statutory remedies as then provided were exclusive, and plaintiff could not mount a civil action to receive any additional relief. Likewise, the majority opinion concedes that the 1973 change in the statutes came too late to affect plaintiff's rights before the department. However, the majority opinion holds that this court can now take cognizance of the change in legislative attitude, so as to permit the plaintiff to pursue a cause of action for lost wages.

A bridge is thus constructed, connecting the 1973 declaration of a right to back pay with the construction of the law as it existed prior to the 1973 amendment.[4] The bridge cannot support the weight placed upon it—at either end.

At the 1957 end, as to finding anything by way of right or penalty that is not therein contained, the bridge-building encounters the firm holding, in *Ross,* that: ". . . Where the law gives a new remedy to meet a new situation, the remedy provided by the law is exclusive. . . ."[5] Even if a right without penalty or remedy were to be located within the law as it then read, *Ross* makes

[3] *Ross v. Ebert* (1957), 275 Wis. 523, 532, 82 N. W. 2d 315, this court denying injunctive relief and holding: ". . . that the measures already taken by the industrial commission provide the entire remedy given by law in the premises [violation of Fair Employment Code, sec. 111.31 to sec. 111.36, Stats.] and their complaint did not state a cause of action which the trial court had jurisdiction to entertain." *See also: Murphy v. Industrial Comm.* (1968), 37 Wis. 2d 704, 712a, 155 N. W. 2d 545, 157 N. W. 2d 568, holding that the ILHR department ". . . has no authority under the Wisconsin Fair Employment Practices Act, ch. 111, subchapter II, of the Wisconsin Statutes, secs. 111.31 to 111.37, either during or after conciliation or after hearing, to award back pay to parties discriminated against on account of their sex in the wages paid them. . . ."

[4] Ch. 266, Laws of 1957, creating sec. 111.36 (3), Stats.

[5] *Ross v. Ebert, supra,* at page 528, citing *In re Jeness* (1935), 218 Wis. 447, 450, 261 N. W. 415.

clear that: ". . . But if such right was created we must look to the statute to see if the remedy or penalty for a violation is provided. If it is, that remedy is exclusive. . . ." [6] If the remedy provided by the statute, at the time of *Ross* or following the 1957 amendment is indeed exclusive, there is no basis for either department order or private action for back pay. Collecting back pay is not among the remedies or penalties made available, and exclusively so, by the statute prior to the 1973 amendment. The majority opinion cites American Jurisprudence 2d to the effect that where there is an intent to impose liability, a private right of action may be predicated upon a statutory mandate even though such right is not given by the express terms of the statute.[7] But *Ross* and *Murphy* found no such intent to impose liability for back pay in the statute involved. Also, the sentence preceding the quotation from American Jurisprudence 2d makes clear that: ". . . when a statute confers a right and a remedy where none existed before, its plain meaning must be given effect. . . ." [8] That is what *Ross* found to be the situation, and that is what *Ross* insists must be done.

At the 1973 end, as to the 1973 amendment indicating what the legislative intention of an earlier legislature was at the time of the 1957 amendment, the bridge-building project encounters a long line of cases holding that, in this state, the construction placed on a statute by a different legislature than enacted it is not binding upon the court.[9] The Wisconsin rule on this point has

---

[6] *Id.* at page 528, citing *State ex rel. Russell v. Board of Appeals* (1947), 250 Wis. 394, 397, 27 N. W. 2d 378; *LeFevre v. Goodland* (1945), 247 Wis. 512, 516, 517, 19 N. W. 2d 884.

[7] *See:* 1 Am. Jur. 2d, *Actions*, p. 601, sec. 73.

[8] *Id.* at page 601.

[9] *See: State ex rel. Thompson v. Nash* (1965), 27 Wis. 2d 183, 190, 133 N. W. 2d 769, citing *State ex rel. Larson v. Giessel* (1954), 266 Wis. 547, 555, 64 N. W. 2d 421, where this court held: ". . .

been well stated to be: ". . . However, the legislature by a later enactment cannot establish or affect the construction of a former act so as to have the same operate retroactively. . . ." [10] The majority opinion cites American Jurisprudence 2d to indicate that, where a new right is created, the statutory remedy is considered exclusive unless a contrary intention is demonstrated. [11] The majority opinion then adds in a footnote: ". . . Here, the amendment of the statute [in 1973] to permit awarding of back pay constitutes a contrary intention." The American Jurisprudence 2d statement quoted by the majority goes on to state: "A statute creates no liability unless *it* exposes an intention, express or implied, that from disregard of the statutory command, liability for damages arises which would not exist except for the statute." [12]

It is clear that a subsequent legislature cannot by a later act declare the construction which was intended by a former enactment so as to make such construction binding upon a court faced with making a construction of the earlier act. . . ."

[10] *Green Bay Drop Forge Co. v. Industrial Comm.* (1953), 265 Wis. 38, 51b, 60 N. W. 2d 409, 61 N. W. 2d 847, citing *Northern Trust Co. v. Snyder* (1902), 113 Wis. 516, 530, 89 N. W. 460, this court there holding: ". . . It is too elementary to justify us in referring to authority on the question, that a legislative body is not permitted under any circumstances to declare what its intention was on a former occasion so as to affect past transactions. . . ." *See also: Dodge County v. Kaiser* (1943), 243 Wis. 551, 557, 11 N. W. 2d 348, this court holding: ". . . The power conferred upon the county board by ch. 392, Laws of 1943, can have no weight in a construction of the statute as it existed before the amendment. . . ." *See also: Maus v. Bloss* (1954), 265 Wis. 627, 634, 62 N. W. 2d 708, this court holding: ". . . it is quite generally held that the legislature cannot by a later act establish or affect the construction of a former act. . . ." *And: Moorman Mfg. Co. v. Industrial Comm.* (1942), 241 Wis. 200, 208, 5 N. W. 2d 743, this court holding: ". . . Legislatures by a later act cannot establish or affect the construction of a former act. . . ."

[11] Referring to 1 Am. Jur. 2d, *Actions,* p. 601, sec. 73.

[12] *Id.* at pages 601, 602. (Emphasis supplied.)

The "it" reference, italicized for emphasis, clearly refers to the single statute involved, not to an amendment to it.[13] With the above Wisconsin cases left unreversed, the writer sees the conclusion compelled that what the legislature did in 1973 cannot reach back to establish or affect the construction of its earlier enactment in 1957.

It is clear that the plaintiff here, establishing the fact of employment discrimination based upon sex, does have the right to seek and secure back pay, in the federal courts,[14] under the federal statute,[15] for the times involved in this action. As to the time periods following the effective date of the 1973 amendment, she also has the right to seek and secure such back pay by department order under the state statute.[16] However, as to the time period here involved, before the effective date of the 1973 amendment providing for back pay awards, the writer would hold that she has no cause of action for such back pay in the state courts under the state statute. So the writer would reverse, directing that the complaint of the plaintiff be dismissed for failure to state a cause of action.

---

[13] See: 73 Am. Jur. 2d, Statutes, p. 382, sec. 178, stating: ". . . The legislative intent that controls in the construction of a statute has reference to the legislature which enacted the act.

"In any event, a later statute not declaratory in its terms may not be relied upon for the purpose of giving a construction to an earlier act plain in its terms. . . ."

[14] Murphy v. Miller Brewing Co. (E. D. Wis. 1969), 307 Fed. Supp. 829, affirmed in Hodgson v. Miller Brewing Co. (7th Cir. 1972), 457 Fed. 2d 221.

[15] 29 U. S. Code, sec. 216 (b).

[16] Ch. 268, Laws of 1973, creating sec. 111.36 (3) (b), Stats., effective June 16, 1974.