Donald K. TREMBATH and Norman J. Loftus, Plaintiffs-Appellants,

v.

ST. REGIS PAPER COMPANY, Defendant-Appellee.

No. 83–3050.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 6, 1984.
Decided Jan. 24, 1985.

Richard E. Sommer, Sommer, Olk & Schroeder, Rhinelander, Wis., for plaintiffs-appellants.

George K. Whyte, Jr., Quarles & Brady, Milwaukee, Wis., for defendant-appellee.

Before CUMMINGS, Chief Judge, BAUER, Circuit Judge, and DUMBAULD * Senior District Judge.

DUMBAULD, Senior District Judge.

In order "to promote employment of older persons based on their ability rather than age" and to discourage the common practice of "setting of arbitrary age limits regardless of potential for job performance" [29 U.S.C. § 621], Congress by the Act of December 15, 1967, 81 Stat. 603, 29 U.S.C. § 623(a) provided that:

It shall be unlawful for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

■ Appellants contend that the termination of their employment by appellee violated that statute.[1] However, one of the elements required to establish a prima facie case of wrongful discharge "because of ... age" is that there existed a job which the aggrieved employee was capable of filling but which was given to a younger applicant. The District Court granted summary judgment for appellee, because appellants had failed to establish a prima facie case of age discrimination in that the evidence of record plainly showed that no available job existed at the time when appellants were discharged from their former positions. Moreover, the District Court held that the mere probability that a suitable job will come into existence in the future does not suffice to satisfy the requirement that there be an existing job with respect to which age discrimination is practiced before there can be a violation of 29 U.S.C. 623(a). We affirm.

The seminal case of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 804, 93 S.Ct. 1817, 1824, 1825, 36 L.Ed.2d 668 (1973), laid down the guidelines regarding the proof of an age discrimination case. First, plaintiff must establish a prima facie case; defendant then may "articulate" a defense of legitimate business justification; and plaintiff may then show that the alleged justification is a mere pretext.

The requirements for making out a prima facie case are that plaintiff must establish: (1) that he falls within the protected age group; (2) that he was discharged; (3) *that there was an available job open,*[2] (4) that plaintiff applied for the job; (5) that plaintiff was qualified to perform the job; but that (6) the employer filled the job by selecting a younger person outside the protected age group. The crucial issue in the case at bar is whether there was a genuine question of fact with respect to item (3) sufficient to preclude summary judgment for the defendant.

■ A review of the facts of record will demonstrate the correctness of the District Court's decision.

Appellants' work for the paper company was as foresters to procure pulpwood, the raw material from which paper was manufactured. In 1978 plaintiff Trembath was "regional manager" for the paper company of an area which included plants at Rhinelander, Wisconsin, and Sartell, Minnesota, although since 1963 his principal task had been to procure pulpwood for the Rhinelander plant. Plaintiff Loftus had the same task.

---

* The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, sitting by designation.

1. Claims under Wisconsin law are also asserted under the doctrine of pendent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–27, 86 S.Ct. 1130, 1138–40, 16 L.Ed.2d 218 (1966).

2. The language in *McDonnell Douglas* is "a job for which the employer was seeking applicants" (411 U.S. at 802, 93 S.Ct. at 1824). In *Teamsters*

*v. U.S.,* 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977), "the absence of a vacancy in the job sought" is described as one of the "most common legitimate reasons on which an employer might rely to reject a job applicant." Though *McDonnell Douglas* was a racial case, the guidelines there set forth have been adopted in age discrimination cases also. *Golomb v. Prudential Ins. Co. of America,* 688 F.2d 547, 550–51 (7th Cir.1982); *Kephart v. Institute of Gas Technology,* 630 F.2d 1217, 1222–23 (7th Cir.1980).

In December 1978 their employer sold the Rhinelander Mill to Monarch Paper Company. All Rhinelander plant employees were terminated except appellants and one Carlson, who operated out of Duluth, Minnesota, and procured pulpwood for both the Rhinelander and Sartell mills. These three employees continued to obtain pulpwood for the Rhinelander mill under an agreement between St. Regis and Monarch. This arrangement cost St. Regis twice what it was paid by Monarch for the services of the three St. Regis employees. On May 2, 1980, St. Regis notified Monarch that it would terminate the agreement effective December 31, 1980, and on May 5, 1980, notified appellants that their jobs would be terminated when the agency agreement expired. Monarch's successor offered employment to Carlson and to plaintiff Loftus to commence January 1, 1981, and they accepted.

On June 13, 1980, St. Regis eliminated Minnesota from Trembath's territory. The Sartell plant was being competently supplied by one Simmons. For several years prior to 1980, St. Regis planned establishing a Thermo Mechanical pulp facility either at Sartell or at Hinton, Alberta, Canada. On May 27, 1980, St. Regis authorized preparation of an environmental impact statement for the Thermo Mechanical facility. Final approval by the Environmental Quality Board was received on April 16, 1981. In advance of such approval St. Regis advertised on April 2 and 6, 1981, for two pulpwood procurement foresters to assist Simmons in the Sartell expansion. Neither Trembath nor Loftus applied for these jobs, though they were aware of the advertisements. Trembath's age discrimination charge was filed on May 26, 1981; that of Loftus was filed on June 12, 1981. On June 15, 1981, a 58-year old forester agreed to take one of the two advertised jobs, but later backed out because he would lose retirement benefits by switching jobs. Two younger foresters, aged 30 and 35, respectively were then hired in September and October, 1981.

From the foregoing chronology, it appears indubitably that when appellants were terminated on December 31, 1980, there were no available jobs in existence. The two new jobs to procure additional pulpwood for the expanded facility at Sartell did not materialize until April 16, 1981, when approval by the Environmental Quality Board permitted operation of the facility. (The jobs were advertised as early as April 2, 1981, in advance of such approval, but appellants never responded to the advertisements although they knew of them.) Thus the appellants failed to show that they had "applied and [were] qualified for a job for which the employer was seeking applicants," as required by the *McDonnell-Douglas* formula (411 U.S. at 802, 93 S.Ct. at 1824).

■ With respect to pendent claims under Wisconsin law, it seems to be clear from appellant's own depositions that they had no contracts of employment with the paper company upon which an action for breach of contract could be predicated. Likewise the District Court properly refused to speculate [3] that there might be a "trend" in Wisconsin toward regarding unilateral pronouncements such as company policy manuals as contractual obligations, or toward abrogation of the employment-at-will doctrine.[4] Moreover, it clearly appears to be the law of Wisconsin that where a statutory remedy for wrongful discharge is provided, prescribing a particular procedure, the remedy so established is exclusive. *In re Jeness*, 218 Wis. 447, 261 N.W. 415, 416

---

**3.** As stated in *Loucks v. Star City Glass Co.,* 551 F.2d 745, 746 (7th Cir.1977), "it is not our province as a federal court to fashion for Illinois [*lege* Wisconsin] what we are certain many would say was a wise and progressive social policy."

**4.** The recent case of *Holloway v. K-Mart Corp.,* 113 Wis.2d 143, 334 N.W.2d 570, 572 (Appeals,

1983), seems to state plainly that "The employer's common-law right to discharge an employee at any time without cause was not limited by its self-imposed policies regarding discharge." See also *Brockmeyer v. Dun & Bradstreet,* 113 Wis.2d 561, 335 N.W.2d 834, 837–43 (1983); and *Ferraro v. Koelsch,* 119 Wis.2d 407, 350 N.W.2d 735, 737–38 (App.1984).

(1935); *Ross v. Ebert,* 275 Wis. 523, 82 N.W.2d 315, 318 (1957); *Bachand v. Conn. Gen. Life Ins. Co.,* 101 Wis.2d 617, 305 N.W.2d 149, 152 (1981).[5] Hence the remedy sought by appellants is not available under Wisconsin law, which governs the pendent proceeding in federal court under *Erie* doctrine.[6]

Accordingly, the judgment of the District Court is

AFFIRMED.

---

**5.** A similar federal rule was applied in *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 720–721, 87 S.Ct. 1404, 1408–1409, 18 L.Ed.2d 475 (1967).

**6.** *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).

