John J. GUNKA, III, and Diane E. Gunka, Plaintiffs-Respondents,

v.

CONSOLIDATED PAPERS, INC., Defendant-Third Party Plaintiff-Respondent,

v.

AND SENTRY INSURANCE, Defendant-Third Party Plaintiff,

v.

AUGUST WINTER & SONS, INC., Third Party Defendant-Appellant.

Court of Appeals

*No. 92–0143. Submitted on briefs January 5, 1993.—Decided September 2, 1993.*

(Also reported in 508 N.W.2d 426.)

For the third party defendant-appellant the cause was submitted on the briefs of *John M. Bliss* of *Patterson, Richards & Hessert* of Wausau.

For the plaintiffs-respondents the cause was submitted on the brief of *John C. Cabaniss* and *Donna Endreson Kummer* of *Cunningham Lyons & Cabaniss, S.C.* of Milwaukee.

For the defendant-third party plaintiff-respondent the cause was submitted on the brief of *Keith I. Johnston* of *Ruder, Ware & Michler, S.C.* of Wausau.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J.   August Winter & Sons, Inc. (Winter) appeals from a judgment requiring it to indemnify Consolidated Papers, Inc. (Consolidated) for Consolidated's liability to John Gunka, Winter's employee, who was injured on a job site when a rung on a ladder owned by Consolidated broke and he fell. Gunka began this action against Consolidated alleging a violation of the safe-place statute. Section 101.11(1), Stats. Consolidated impleaded Winter, claiming Winter was required to indemnify it for any liability to Gunka, pursuant to an indemnity agreement between Consolidated and Winter. We affirm.

Winter presents the following issues:

(1) Under the indemnification agreement between Winter and Consolidated, must Winter indemnify Consolidated for the amount Consolidated is liable to Gunka under the judgment? We conclude that Winter must indemnify Consolidated for any amount Consolidated is liable to Gunka under the judgment, irrespective of Consolidated's causal negligence.

(2) Was sufficient credible evidence presented to support the jury's finding that Consolidated's negligence in allowing Winter's employees to use the ladder caused Gunka's injuries? We conclude that sufficient credible evidence was presented. We further conclude that Gunka and Consolidated do not argue that Winter lacks "standing" to raise this issue.

(3) Was sufficient credible evidence presented to support the jury's finding that Winter's negligence in allowing its employees to use Consolidated's ladder caused Gunka's injuries? We conclude that sufficient credible evidence supports the jury's finding.

## BACKGROUND

Gunka was injured June 23, 1986, during the course of his employment with Winter. Winter was installing a piping system for Consolidated in its new "wood room" at Consolidated's Biron, Wisconsin, paper plant. Gunka was injured when a ladder rung on which he was standing broke and he fell. Consolidated owned the ladder.

Gunka began this third-party liability action against Consolidated pursuant to sec. 102.29(1), Stats. Consolidated impleaded Winter, alleging that if Consolidated was found liable, Winter was required to

indemnify Consolidated for that liability under an indemnity agreement between Consolidated and Winter.

On June 10, 1991, the trial court entered an order declaring that the indemnification agreement required Winter to indemnify Consolidated for any liability to Gunka, even if that liability resulted from Consolidated's own negligence. The case was tried and on November 8, 1991, the jury returned a verdict apportioning negligence: sixty-six percent to Winter, twenty-two percent to Consolidated and twelve percent to Gunka.

Winter made a series of postverdict motions: for a directed verdict; to change the jury's answer finding Winter negligent; and to change the jury's answer finding Consolidated negligent. The trial court denied Winter's motions and entered judgment against Consolidated for the full amount of Gunka's damages, but ordered Winter to indemnify Consolidated pursuant to the indemnity agreement.

I.

THE INDEMNITY AGREEMENT

Gunka's remedy against Winter for his injuries is solely under the Worker's Compensation Act. Section 102.03(2), Stats. He may, however, maintain an action for his injuries against a negligent third party, in this case, Consolidated. Section 102.29(1), Stats. He has a judgment against Consolidated which, the trial court ruled, Winter must pay because of its agreement to indemnify Consolidated for any and all claims arising out of, or resulting from, work or services provided by Winter under its contract with Consolidated.

530

Winter argues, however, that the indemnity agreement does not require that it indemnify Consolidated for liability resulting from Consolidated's own negligence. If the agreement does not apply, Consolidated will be solely liable for the judgment in favor of Gunka.

It is well established that indemnity clauses are not against public policy. *Barrons v. J.H. Findorff & Sons, Inc.*, 89 Wis. 2d 444, 452, 278 N.W.2d 827, 831 (1979). The indemnity agreement between Winter and Consolidated provides in part:

> The Contractor [Winter] shall indemnify and hold harmless Consolidated Papers, Inc. from . . . all claims, damages, losses and expenses . . . arising out of or resulting from the performance of the work or services, provided that . . . [the claim, damage, loss or expense] is caused in whole or in part by any negligent act or omission of the Contractor . . . *regardless of whether or not it is caused in part by a party indemnified hereunder*. [Emphasis added.]

The trial court concluded that this language unambiguously required Winter to indemnify Consolidated for any claim, damage, loss or expense arising out of Winter's work under the contract, regardless whether it was caused in part by Consolidated. The court further concluded that the claim, damage, loss or expense must have been caused in whole or in part by Winter's negligent act or omission. As construed by the trial court, the conditions necessary to require Winter to indemnify Consolidated were fulfilled.

The construction of an unambiguous contract is a matter of law. *RTE Corp. v. Maryland Casualty Co.*, 74 Wis. 2d 614, 621, 247 N.W.2d 171, 175 (1976). We decide questions of law independently of the trial court.

531

*In re Levy*, 130 Wis. 2d 523, 529, 388 N.W.2d 170, 172-73 (1986). However, we conclude that the court correctly construed the contract.

Winter argues that the indemnity agreement must be strictly construed against Consolidated because the indemnitee seeks indemnification for its own negligence. *Bialas v. Portage County*, 70 Wis. 2d 910, 912, 236 N.W.2d 18, 19 (1975). Winter maintains that the agreement, when strictly construed, does not require it to indemnify Consolidated for damages caused by Consolidated's own negligence. Winter relies primarily on *Young v. Anaconda Am. Brass Co.*, 43 Wis. 2d 36, 53, 168 N.W.2d 112, 121-22 (1969).

In *Young*, as here, the employee was injured by the negligence of the site owner and the contractor. The contractor had agreed to indemnify Anaconda for any claims, damages and losses arising out of the work performed under the contract "if such injury or such loss or damage is caused in whole or in part by the acts or omissions of the Contractor . . . ." The court concluded that this language did not expressly make the contractor liable for that portion of the total liability attributable to Anaconda's acts.

Winter asserts that the indemnification clause in this case contains language nearly identical to that contained in the agreement construed in *Young*. We disagree. The critical difference in the language is that the indemnification agreement before us requires Winter to indemnify Consolidated "regardless of whether or not . . . [the claim, damage, loss or expense] is caused in part by a party indemnified hereunder." In *Young*, the indemnification agreement did not contain express language obligating the contractor to indemnify the owner for injury or damage arising out of the owner's negligence.

## II.

## CONSOLIDATED'S NEGLIGENCE

### A.  *Winter's "Standing."*

■

We next consider whether Consolidated's alleged negligence was a cause of Gunka's injuries. Because Gunka's exclusive remedy against Winter is under the Worker's Compensation Act, he may enforce the judgment herein only against Consolidated. However, if Consolidated did not negligently cause Gunka's injuries, Consolidated is not liable to Gunka, and consequently, there is no occasion to invoke the indemnity agreement. Despite the fact that Winter's agreement to indemnify Consolidated is triggered only by Consolidated's liability, the trial court refused to allow Winter to argue that the evidence was insufficient to sustain the jury's finding that Consolidated was negligent.[1] The court concluded that Winter lacked "standing" to make motions after verdict to attack the jury's finding that Consolidated was negligent. Because Gunka and Consolidated do not support the trial court's ruling with argument or authority, we conclude that they do not rely on Winter's lack of "standing."

### B.  *Consolidated's Negligence.*

■

The trial court stated: "[I] have looked at the record against Consolidated, and [I find] no credible evidence to support a finding of negligence against [it]

---

[1] Consolidated settled with Gunka and did not participate in the trial. It has, however, filed a brief in this court.

under either [a] safe place theory or [a] common law negligence theory." Gunka correctly notes that the trial court's "finding" was not the basis for its decision. Further, the trial court did not find any facts supporting its conclusion, as required by sec. 805.17(2), Stats. We therefore do not review the court's "finding." We review the record to determine whether any credible evidence supports the jury's verdict. *Ferraro v. Koelsch*, 119 Wis. 2d 407, 410-11, 350 N.W.2d 735, 737 (Ct. App. 1984), *aff'd*, 124 Wis. 2d 154, 368 N.W.2d 666 (1985). *See also Merrill Lynch, Pierce, Fenner & Smith v. Boeck*, 120 Wis. 2d 591, 600-01, 357 N.W.2d 287, 292 (Ct. App. 1984), *rev'd on other grounds*, 127 Wis. 2d 127, 377 N.W.2d 605 (1985).

1. The Accident. Winter's brief does not contain a separate statement of facts. *See* Rule 809.19(1)(d), Stats. It is therefore difficult to determine exactly how Gunka was injured and whether critical facts are disputed. As best we can determine, the undisputed facts show that Gunka was injured as follows. The work site for the new wood room was located so that Gunka had to gain access to the roof of the old wood room through an opening to the roof. To reach the opening, Gunka climbed a ladder which belonged to Consolidated and was usually kept in Consolidated's paint room. Gunka was injured when he climbed the ladder, stepped on the top rung—which broke, and he fell.

2. Common-law Negligence. The parties agree that for Consolidated to be liable to Gunka, Consolidated must have negligently caused Gunka's injuries. *Lemacher v. Circle Constr. Co.*, 72 Wis. 2d 245, 248-49, 240 N.W.2d 179, 181 (1976). Winter argues that the record is devoid of any evidence that Consolidated was negligent in any respect. Winter's foreman, Joseph Scheppler, testified that the ladder on which Gunka

was injured had been put up by Consolidated employees who used the ladder daily to reach their job site. Consolidated's safety director, Gary Johnson, testified that the ladder had been removed from the paint room to the construction site. The jury could have reasonably inferred that the ladder was removed from the paint room and placed at the site by Consolidated employees.

Gunka argues that from evidence of the ladder's condition—weather-beaten, water-soaked and dilapidated—the jury could have concluded that Consolidated was negligent in making the ladder available for Winter's employees' use. Winter responds that regardless whether Consolidated's employees brought the ladder to the job site, and regardless of the ladder's condition, there was no evidence that Consolidated required Gunka or other Winter employees to use the ladder. Winter asserts that Consolidated directed Winter not to use Consolidated's equipment. Winter repeats this argument as to Gunka's further claims that Consolidated was negligent with respect to the placement and use of the ladder.

■

We conclude that there is credible evidence to support the jury's verdict that Consolidated's negligence was a cause of Gunka's injuries. The fact that Winter may have used the ladder contrary to Consolidated's instructions goes only to the extent of Consolidated's negligence, not its existence. The jury may have concluded from evidence of the ladder's condition that Consolidated negligently failed to remove the ladder so that it could not be used by its or Winter's employees. That negligence alone is sufficient to support the jury's verdict.[2]

---

[2] In view of our conclusion that the jury verdict may be sustained because credible evidence exists in the record that

## III.

### WINTER'S NEGLIGENCE

Because the evidence supports the jury's finding that Consolidated was negligent and its negligence was a cause of Gunka's injuries, we affirm the judgment in favor of Gunka against Consolidated. Whether Winter was also causally negligent affects only that part of the judgment requiring Winter to indemnify Consolidated for the amount it is required to pay Gunka under the judgment. If we determine that the trial court should have granted Winter's motions for a directed verdict or to change the jury's finding that Winter was causally negligent, we must reverse the judgment insofar as it requires Winter to indemnify Consolidated. We conclude, however, that there is credible evidence in the record to sustain the jury's finding that Winter was causally negligent.

Winter makes two arguments to support its postverdict motions. First, it claims there is no evidence that any action or inaction on its part was a substantial factor in causing the ladder rung to break. Second, it contends the ladder's defect was latent and Winter had no notice, actual or constructive, of the defect sufficient to support a finding that it was negligent based on a violation of the safe-place statute. Winter characterizes its first argument as a common-law negligence argument, and its second argument as a safe-place argument. Because we conclude that credible evidence supports the jury's finding that Winter's

---

Consolidated's common-law negligence was a cause of Gunka's injuries, we do not reach the question whether Consolidated violated the safe-place statute.

536

negligence was a cause of Gunka's injury on a common-law theory, we do not reach the safe-place issue.

Winter argues that in order to find it negligent on a common-law theory, the jury had to find that the ladder broke because of something Winter did or failed to do. We disagree. We will sustain the jury's finding if credible evidence exists from which the jury could have found that the ladder was unsafe for the use to which it was put by Winter's employees and that Winter knew or should have known that the ladder was unsafe. *Ferraro*, 119 Wis. 2d at 410-11, 350 N.W.2d at 737. We conclude that such evidence was presented to the jury.

Gary Johnson, Consolidated's Project Safety Supervisor, agreed on cross-examination that "given its condition in general," the ladder was "possibly" "a candidate for the scrap heap." Joseph Scheppler, Winter's foreman on the Consolidated job, testified that the ladder was "weather-beaten," although he could not see where there was a weak spot in the broken step. He also testified that the ladder was weathered and wet, but that it "looked strong." Scheppler further testified that he used the ladder on the day Gunka was injured and that the ladder did not appear dangerous.

■■■■

Thus, the jury heard conflicting evidence as to the condition of the ladder. Photographs of the ladder were submitted to the jury. In view of our limited scope of review of the jury's findings, we conclude that credible evidence supports the jury's finding that Winter was negligent and that its negligence was a cause of Gunka's injuries. The credibility of the witnesses and the weight of the evidence was for the jury. *Finken v.*

*Milwaukee County*, 120 Wis. 2d 69, 76, 353 N.W.2d 827, 831-32 (Ct. App. 1984).[3]

*By the Court.*—Judgment affirmed.

[3] In view of our conclusion, we do not consider Gunka's further arguments supporting the jury's finding that Winter was negligent and that its negligence was a cause of Gunka's injuries.