David LANGRECK, Plaintiff-Appellant,

v.

WISCONSIN LAWYERS MUTUAL INSURANCE COMPANY, and
Estate of John D. Day, Defendants-Respondents.

Court of Appeals

*No. 98–2024. Submitted on briefs February 4, 1999.—Decided
April 29, 1999.*

(Also reported in 594 N.W.2d 818.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Matthew A. Biegert* and *Brian H. Sande* of *Doar, Drill & Skow, S.C.* of New Richmond.

On behalf of the defendants-respondent, the cause was submitted on the brief of *Roy S. Wilcox* of *Wilcox, Wilcox, Enright, Hallstein, McMahon & Adler, LLC* of Eau Claire.

Before Dykman, P.J., Vergeront and Deininger, JJ.

DYKMAN, P.J. David Langreck appeals from a judgment in which his recovery in a legal malpractice action was reduced because he failed to mitigate his damages in an earlier foreclosure action. The issue is whether it is reasonable to require a mortgagor to mitigate his damages by contesting a foreclosure action, contrary to the advice of his attorney. We conclude that it is not. Accordingly, we reverse and remand with directions that the court enter judgment for the full amount of the jury award.

### BACKGROUND

David Langreck and his wife, Kathleen, owned a home in Marshfield, Wisconsin. In March 1987, the

Langrecks gave a note and mortgage to the Marshfield Savings Bank (formerly the Marshfield Savings and Loan) (the Bank) and received a loan for $75,000. Under the terms of the mortgage note, the Langrecks were required to keep the premises insured with a loss-payable clause in favor of the Bank.

The Langrecks obtained an insurance policy through Sheboygan Falls Mutual Insurance Company. The policy contained a mortgage clause which provided that any loss payable for the dwelling would "be paid to the mortgagee and you, as interests appear."

On May 22, 1991, the Langrecks' home was destroyed by a fire, and because Mr. Langreck was suspected of arson, Sheboygan Falls delayed payment on its policy. The Langrecks' attorney, John D. Day, did not file suit against Sheboygan Falls until after the contractual one-year period for filing suit had expired. As a result, the suit was dismissed as time barred. The Bank also filed a proof of loss with Sheboygan Falls after the one-year period had passed, and it too was denied.

In 1994, the Bank began foreclosure proceedings against the Langrecks. The Langrecks' new attorney advised them not to contest the foreclosure action. In January 1995, the Bank obtained a foreclosure judgment against the Langrecks, totaling just under $100,000, including interest, penalties and attorneys fees.

David Langreck sued John Day's estate and Day's insurer, Wisconsin Lawyers Mutual Insurance Company (WILMIC), alleging that Day was negligent in failing to sue Sheboygan Falls within the one-year period following the fire.[1] WILMIC conceded that Day

---

[1] Ms. Langreck entered into a settlement agreement with WILMIC and was dismissed from the action.

was negligent, but argued that Day's negligence was not a cause of Langreck's damages.[2] WILMIC argues that even if Day were causally negligent, Langreck's damages would have been reduced had Langreck contested the foreclosure action. WILMIC claims that Langreck should have argued that the Bank was not entitled to full recovery because it too failed to mitigate its damages by not filing a claim with Sheboygan Falls within the one-year period.

At trial, the jury found that Day had been causally negligent, and it awarded Langreck $106,707 in damages. However, the jury found that Langreck failed to mitigate his damages by not contesting the Bank's foreclosure action, and therefore reduced Langreck's damage award by $57,500.

Langreck filed motions after verdict; one of which requested that the court change the jury's special verdict answers regarding mitigation because those answers were based on insufficient evidence. The motions were denied. The court entered judgment for Langreck in the amount of $49,207, plus costs. Langreck appeals from this post-verdict order.

### STANDARD OF REVIEW

A motion to change a jury's special verdict answer challenges the sufficiency of the evidence to sustain the answer. *See* § 805.14(5)(c), STATS. Accordingly, we will not upset a verdict if any credible evidence supports it.

---

[2] WILMIC argued that even if Day had filed suit within the statutory period, coverage would have been denied because Langreck was suspected of intentionally causing the fire, and the policy contained an intentional act exclusion. However, in one of its special verdict answers, the jury rejected this assertion when it concluded that Langreck did not intentionally cause the fire at his home.

*See Ferraro v. Koelsch,* 119 Wis. 2d 407, 410, 350 N.W.2d 735, 737 (Ct. App. 1984), *aff'd,* 124 Wis. 2d 154, 368 N.W.2d 666 (1985). This evidence must "under any reasonable view support[ ] the verdict and remove[ ] the question from the realm of conjecture." *Gonzalez v. City of Franklin,* 128 Wis. 2d 485, 494, 383 N.W.2d 907, 911 (Ct. App. 1986), *aff'd,* 137 Wis. 2d 109, 403 N.W.2d 747 (1987). However, for reasons discussed later in this opinion, we conclude that Langreck's motion to change answers presents a question of law.

██

An injured party has a duty to use reasonable means under the circumstances to avoid or minimize his or her damages. *See Kuhlman, Inc. v. G. Heileman Brewing Co.,* 83 Wis. 2d 749, 752, 266 N.W.2d 382, 384 (1978). However, the *Kuhlman* court specifically noted that "[i]f the effort, risk, sacrifice or expense which the injured person must incur to avoid or minimize the loss or injury is such that a reasonable person under the circumstances might decline to incur it, the injured party's failure to act will not bar recovery of full damages." *Id.* Therefore, an injured party is only required to do what is reasonable to mitigate his or her damages. *See Sprecher v. Weston's Bar, Inc.,* 78 Wis. 2d 26, 44, 253 N.W.2d 493, 501 (1977).

██

Whether facts fulfill the legal standard of reasonableness is a question of law, and we do not defer to a fact finder on questions of law. *See Wassenaar v. Panos,* 111 Wis. 2d 518, 525, 331 N.W.2d 357, 361 (1983). Nevertheless, whether a course of action is reasonable can be intertwined with factual findings surrounding the conclusion, and in that case we give weight to the fact finder's decision, but not controlling weight. *See id.* Some actions are not reasonable as a matter of law and

therefore are not required in order for a party to fulfill his or her duty to mitigate damages. *See Kuhlman*, 83 Wis. 2d at 755, 266 N.W.2d at 385.[3]

## DISCUSSION

We must determine whether Langreck breached his duty to use reasonable means under the circumstances to mitigate the damages caused by Day's negligence. There are no factual matters in dispute regarding the events surrounding the Bank's foreclosure action. The bank began a foreclosure action against Langreck, who had very little money and a significant amount of debt. He consulted Attorney Biegert who drafted an answer. But after Attorney Biegert advised Langreck that his chances of stopping the foreclosure action were "slim to none," Langreck and Biegert agreed that it would be best to withdraw the answer and not contest the action. When Langreck was asked at trial why he signed the stipulation to withdraw his answer, he replied: "I suppose him being an attorney, if that's the way he put it down, I would have to agree with him that that's the legal way to do it or whatever. I'm not certain on that."

The only dispute concerns the reasonableness of requiring Langreck to contest the foreclosure action in order to mitigate his damages.[4] We have found no cases in which the facts are identical to the facts in this

---

[3] In *Kuhlman, Inc. v. G. Heileman Brew. Co., Inc.*, 83 Wis. 2d 749, 755, 266 N.W.2d 382, 385 (1978), the court determined, as a matter of law, that under the parties' contract, the purchaser of defective refrigerator equipment was not required to afford the seller of the equipment the first opportunity to repair the defective equipment.

[4] The jury apparently concluded that it was reasonable to require Langreck to contest the foreclosure action, because it

525

case. However, in *Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866 (2nd Cir. 1994), a legal malpractice case, the court held that a client's failure to appeal from a judgment in an underlying action was reasonable and therefore did not require the client to mitigate his damages. The court said that "it is unreasonable to require a plaintiff to expend funds to pay an hourly rate to an attorney to take an appeal that the plaintiff believes to be without merit." *Id.* at 873.

Langreck contacted an attorney and the attorney advised him that contesting the Bank's foreclosure action was futile. Langreck took his attorney's advice and chose not to contest the action. As a matter of law, we conclude it is unreasonable to require a party to disregard his or her attorney's advice and proceed pro se with an unknown defense.[5] As a result, we conclude that the trial court should have granted Langreck's post-verdict motion to change the jury's answers regarding mitigation. However, we need not remand for further proceedings, because the jury found Langreck's damages and then reduced them for his failure to mitigate. We reverse and remand with instructions to enter judgment for Langreck for the full amount of damages found, $106,707, together with costs previously taxed, and interest.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

answered "yes" to the question "Did David Langreck fail to mitigate his damages?"

[5] We fail to see how Langreck, without legal training, could be expected to raise a defense not seen, accepted or appreciated by an attorney.