FABCO Equipment, Inc. and Twin City Fire
Insurance Company, Plaintiffs-Appellants,

v.

Kreilkamp Trucking, Inc.,
Defendant-Respondent.†

Court of Appeals

*No. 2012AP1864. Submitted on briefs June 26, 2013.
—Decided November 13, 2013.*

2013 WI App 141

(Also reported in 841 N.W.2d 542.)

106

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Jeffrey P. Clark, James P. Denis III* and *Rebecca Frihart Kennedy* of *Reinhart Boerner VanDeuren S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Paul J. Pytlik* and *Katherine C.T. Steffe* of *Hills Legal Group, Ltd.*, Waukesha.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. GUNDRUM, J. FABCO Equipment, Inc. and its insurer, Twin City Fire Insurance Company,[1] appeal the circuit court's denial of their summary judgment motion and grant of summary judgment to Kreilkamp Trucking, Inc., which resulted in the dismissal of FABCO's breach of contract claims related to FABCO

---

[1] We will use "FABCO" to refer to both FABCO and Twin City together and will also refer to FABCO and Twin City separately, as the context warrants.

and Kreilkamp's Agreement for Transportation Services. Specifically, FABCO claims Kreilkamp breached its duty under the agreement to defend and indemnify FABCO related to a lawsuit brought against it by the estate and widow of one of Kreilkamp's employees who was killed in the course of unloading equipment for FABCO. FABCO further alleges that Kreilkamp breached its contractual duty to add FABCO as an "additional insured" on Kreilkamp's insurance policies. Finally, FABCO appeals the court's denial of its motion for discovery sanctions against Kreilkamp. Based upon our review, we conclude that Kreilkamp breached its duty to defend FABCO in the lawsuit brought by the estate and widow, but did not breach its duty to add FABCO as an "additional insured." We further conclude that the circuit court erred in denying FABCO's motion for sanctions in the manner it did. We reverse in part, affirm in part, and remand for further proceedings.

## BACKGROUND

¶ 2. The following facts are undisputed. Kreilkamp is a transportation company that provides transport, loading and unloading, and related services for the shipment of goods and equipment. FABCO leases construction equipment to customers. FABCO and Kreilkamp entered into an Agreement for Transportation Services whereby Kreilkamp would deliver FABCO equipment to and from FABCO customers. In 2008, a Kreilkamp employee died when a large piece of FABCO rental equipment he was attempting to unload with a forklift fell on him. The employee's estate and widow, individually and as representative of the estate,[2] filed suit against FABCO and Terex Corporation, the

---

[2] Hereinafter we will refer to the estate and widow collectively as "the estate."

purported manufacturer of the equipment which fell on the employee, alleging that negligence by each caused the employee's death. Pursuant to an indemnification provision in the agreement, FABCO tendered its defense to Kreilkamp, which tender was refused by Kreilkamp and its insurer. FABCO then filed this lawsuit, asserting, as relevant to this appeal, that Kreilkamp had breached the agreement by failing to fulfill its obligations therein to: (1) defend and indemnify FABCO with regard to the estate's lawsuit and (2) add FABCO as an additional insured on Kreilkamp's insurance policies. During the pendency of this lawsuit, FABCO settled the lawsuit by the estate.

¶ 3. The parties filed cross-motions for summary judgment. The circuit court granted Kreilkamp's motion and denied FABCO's, concluding that FABCO was not entitled to a defense or indemnification because a clause in the indemnification provision "excludes claims relating to Fabco's negligence" and the estate's lawsuit claimed FABCO was negligent, and further concluding that FABCO in fact was added as an "additional insured" under Kreilkamp's insurance policy.

¶ 4. While the case was pending in circuit court, FABCO also filed numerous motions to compel discovery, as well as a motion for discovery sanctions, asserting that it incurred substantial costs and attorneys' fees because Kreilkamp had delayed acknowledging the existence of the fully executed agreement for nearly three years, had engaged in "dilatory and abusive discovery practices," and had failed to comply with statutory and court-ordered discovery deadlines. FABCO further alleged that Kreilkamp had "spoliated evidence by deleting and destroying 36 relevant email communications." The circuit court granted FABCO's motion for sanctions. Following court-ordered briefing related to the

amount of the sanctions, however, the court *sua sponte* reversed itself, concluding that FABCO had not met its burden of proving that "exceptional circumstances" existed under Wis. Stat. § 804.12(4m) (2011–12)[3] to permit the court to order sanctions for Kreilkamp's conduct relating to its electronic communications. FABCO appeals. Additional facts are set forth below.

## DISCUSSION

### *Summary Judgment—Breach of Contract*

¶ 5. We review de novo a grant of summary judgment, applying the same methodology as the circuit court. *Paskiewicz v. American Family Mut. Ins. Co.*, 2013 WI App 92, ¶ 4, 349 Wis. 2d 515, 834 N.W.2d 866. Summary judgment is proper when the relevant facts are undisputed and only a question of law remains. *Id.* This case involves interpretation of the parties' contract. We review de novo the circuit court's contract interpretation. *Ehlinger v. Hauser*, 2010 WI 54, ¶ 47, 325 Wis. 2d 287, 785 N.W.2d 328.

██ ██

¶ 6. "Interpretation of an indemnification agreement, like any other written contract, begins with the language of the agreement." *Mathy Constr. Co. v. West Bend Mut. Ins. Co.*, No. 2008AP1326, unpublished slip op., ¶ 12 (WI App Feb. 25, 2010); *see Estate of Kriefall v. Sizzler USA Franchise, Inc.*, 2012 WI 70, ¶¶ 14, 48, 342 Wis. 2d 29, 816 N.W.2d 853. "Where the terms of a contract are clear and unambiguous, we construe the contract according to its literal terms," and consistent

---

[3] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

with "what a reasonable person would understand the words to mean under the circumstances." *Tufail v. Midwest Hospitality, LLC*, 2013 WI 62, ¶¶ 26, 28, 348 Wis. 2d 631, 833 N.W.2d 586 (citation omitted).

*Indemnification Provision*

¶ 7. In its primary issue on appeal, FABCO claims Kreilkamp breached the agreement because it failed to honor the indemnification provision therein. We agree. That provision states:

> Indemnity. [Kreilkamp] agrees that it will defend, indemnify, and hold harmless [FABCO] from and against all claims, lawsuits, demands, liability, costs and expenses, including reasonable attorney's fees and other costs of defense, caused by, arising out of, or connected with the performance of [Kreilkamp] hereunder and which result in any injury to, or the death of any persons, damage to or loss of property, including cargo, and any disputes involving the performance of services hereunder by third parties; provided, however, that [Kreilkamp] shall not be required to defend, indemnify or hold harmless [FABCO] to the extent any claims, lawsuits, demands, liability, cost or expenses are the result of [FABCO's] negligence.

As pertinent to this case, the provision is triggered when there is a "claim[], lawsuit[], demand[], [or] liability" against FABCO which "[is] caused by, aris[es] out of, or [is] connected with the performance of [Kreilkamp] . . . which result[s] in . . . the death of any person[]." Of note, the agreement does not say that Kreilkamp's "performance" need be negligent, reckless or intentional—only that its performance result in the death. As our supreme court recently pointed out in a

114

case similar to the one here, an indemnitor is "obligated to honor its duty to defend upon [an indemnitee's] tender of a claim against it for acts or omissions that were arguably within the purview of the [agreement]." *Kriefall*, 342 Wis. 2d 29, ¶ 60. Here, FABCO tendered just such a claim to Kreilkamp and Kreilkamp rejected the tender.

¶ 8. The estate's complaint against FABCO alleged that the Kreilkamp employee died while he "was working within the scope of his employment with Kreilkamp, under contract with FABCO to deliver and unload heavy equipment from a trailer on a FABCO site." It alleged that the employee was at the FABCO site "unloading [the] . . . machine . . . from a flatbed trailer as a part of his job duties." As the employee "attempted to maneuver the [machine]" on the trailer, the complaint continued, "the machine . . . moved too far, pushing [the employee] over the edge, onto the ground and falling forcefully on top of him, crushing and killing him on impact."

¶ 9. Consistent with the terms of the indemnification provision, the estate's lawsuit was a "claim[], lawsuit[]" against FABCO which "ar[ose] out of, or [was] connected with the performance of [Kreilkamp]," here through the performance of the employee himself. And, while the complaint was against FABCO and Terex, not Kreilkamp,[4] and directly alleged that negligence by

---

[4] The fact that Kreilkamp was not named as a defendant in the estate's lawsuit is not surprising, in that Wisconsin's worker compensation laws likely precluded the estate from suing Kreilkamp for the employee's death, *see* WIS. STAT. § 102.03(2); *see, e.g., Gunka v. Consolidated Papers, Inc.*, 179 Wis. 2d 525, 530, 533, 508 N.W.2d 426 (Ct. App. 1993), and, as the parties acknowledge, the employee's widow was compensated through Kreilkamp's employer obligation under these laws.

FABCO (and Terex) was a cause of the employee's death, looking within the four-corners of the complaint, the complaint also alleged facts which arguably showed that the employee's death was at least in part the result of Kreilkamp's performance. Based on the above, we conclude that Kreilkamp, by rejecting FABCO's tender of defense related to the estate's lawsuit, breached its duty to defend FABCO, and thereby breached the indemnity provision and the agreement.

¶ 10. Kreilkamp contends the indemnity provision in the agreement is "ineffective" and "unenforceable under Wisconsin law." It argues that FABCO is seeking recovery for its own negligence and asserts that the indemnity provision only requires Kreilkamp to defend and indemnify FABCO "where liability does not arise out of FABCO's negligence." Kreilkamp contends that because the estate's allegations allege negligence by FABCO, the indemnification provision clause stating that Kreilkamp "shall not be required" to defend or indemnify FABCO "to the extent any claims, lawsuits . . . are the result of [FABCO's] negligence" negates any obligation on its part to defend and indemnify FABCO. We disagree with Kreilkamp's reading of both the indemnity provision and FABCO's claim.

¶ 11. The indemnity provision is valid under Wisconsin law. As our supreme court has stated:

> This court has repeatedly held that indemnity agreements are valid and are not against public policy. One party may indemnify another against liability for the indemnitor's acts and those of his employees, agents and subcontractors as well as against liability for the indemnitee's own acts. The agreement will be broadly construed where indemnity is sought for liability based

on the indemnitor's negligence but will be strictly construed where the indemnitee is the negligent party. The court will not allow an indemnitee to be indemnified for his own negligent acts absent a clear and unequivocal statement to that effect in the agreement. However, even in the absence of such specific language the court will construe the agreement to provide such indemnity if that is the only reasonable construction.

*Barrons v. J. H. Findorff & Sons, Inc.*, 89 Wis. 2d 444, 452–53, 278 N.W.2d 827 (1979) (citations omitted). Here, contrary to Kreilkamp's assertion, FABCO is not seeking recovery for its own negligence; rather, it recognizes that, under the indemnification provision, it is not entitled to recover "to the extent" it is found causally negligent. Further, the provision clearly indicates that FABCO can recover in circumstances where it is in part causally negligent; it just cannot recover for "the extent" of its own causal negligence.

¶ 12. Here, the allegations in the estate's complaint identify that the estate's claims against FABCO "ar[ose] out of or [were] connected with" Kreilkamp's performance and that the performance arguably resulted, at least in part, in the employee's death. This triggered the indemnification provision requirement that Kreilkamp defend FABCO, despite the fact the complaint also alleged that FABCO's own negligence contributed, at least in part, to the death. Kreilkamp breached this duty by failing to accept FABCO's tender of defense. As a result, we reverse the circuit court on this issue and remand for a determination of the amount of damages—the reasonable defense and settlement costs sought by FABCO, subject to the limitation discussed below—to which FABCO is entitled for the breach. *See Newhouse v. Citizens Sec. Mut. Ins. Co.*, 176

117

Wis. 2d 824, 837–38, 501 N.W.2d 1 (1993); *see also Kriefall*, 342 Wis. 2d 29, ¶ 62.

¶ 13. FABCO's right of recovery for Kreilkamp's breach of its duty to defend is limited, as we have alluded, by FABCO's own causal negligence, if any. The indemnification provision states that Kreilkamp is *not* required to "defend, indemnify or hold harmless [FABCO] *to the extent* any claims, lawsuits, demands, liability, cost or expenses *are the result of* [FABCO's] negligence." (Emphasis added.) Thus, the amount Kreilkamp will be required to reimburse FABCO related to the breach will be reduced based on "the extent," i.e., percentage, of causal negligence ultimately found attributable to FABCO. *See Kriefall*, 342 Wis. 2d 29, ¶¶ 58, 63 (analyzing and applying similar "to the extent" language as a limitation on damages). Whether FABCO was actually negligent, whether that negligence was a cause of the employee's death and, hence, the related lawsuit by the estate, and "the extent" of any causal negligence are factual questions which have yet to be determined. Upon remand, a trial will be required to determine these issues. If a fact finder finds FABCO causally negligent, whatever percentage of causal negligence the fact finder attributes to FABCO is the percentage by which the reasonable defense and settlement costs sought by FABCO should be reduced. *See id.*, ¶ 63.

¶ 14. Kreilkamp also argues that FABCO's insurer, Twin City, which paid most of the defense and settlement costs related to the estate's lawsuit, is "barred from recovering the costs of defense it paid because it had its own independent duty to defend FABCO" against the estate's lawsuit. We disagree.

¶ 15. While we agree that it is generally the rule that an insurer cannot recover against another insurer when both are on equal footing due to having fulfilled their contractual obligations to the same insured, *Zurich Am. Ins. Co. v. Wisconsin Physicians Servs. Ins. Corp.*, 2007 WI App 259, ¶ 32, 306 Wis. 2d 617, 743 N.W.2d 710 (citing *Employers Health Ins. v. General Cas. Co. of Wis.*, 161 Wis. 2d 937, 958, 469 N.W.2d 172 (1991)), where one of the insurers breaches its contract with the insured by refusing to fulfill its obligations under the contract, the nonbreaching insurer can pursue recovery from the breaching insurer. *Id.* In such a case, the nonbreaching insurer "does have superior equity over" the breaching insurer, and permitting recovery from the breaching insurer fulfills the purpose of subrogation which is "to have the party who should have paid the debt, reimburse the party who actually paid the debt." *Id.*, ¶¶ 34, 39; *see also Hartford Accident & Indem. Co. v. Worden-Allen Co.*, 238 Wis. 124, 132–33, 297 N.W. 436 (1941). Here, Kreilkamp breached its duty to defend FABCO, whereas Twin City fulfilled its responsibilities to FABCO as its insurer. Twin City has "superior equity" over Kreilkamp.

¶ 16. We observe that due to Kreilkamp's refusal of FABCO's tender of defense, if FABCO had not had insurance, it would have had to pay the entirety of its defense costs, in which case no question would arise regarding its right to recover for those costs from Kreilkamp. *See Safway Rental & Sales Co. v. Albina Engine & Mach. Works, Inc.*, 343 F.2d 129, 133–35 (10th Cir. 1965); *General Accident Fire & Life Assurance Corp. v. Smith & Oby Co.*, 272 F.2d 581, 586 (6th Cir. 1959). And, significantly, Kreilkamp was not an "insurer" of FABCO and does not stand in the same

position as if it were. Kreilkamp is a corporation which entered into a business transaction with FABCO, and, as part of that transaction, agreed to indemnify FABCO for damages, attorneys' fees, and costs stemming from deaths, or other harms, which resulted from Kreilkamp's performance. By contrast, an insurer generally is not in a position where its performance related to its contract with the insured could result in a person's injury or death. In a case such as this, where the employee's death at least arguably resulted in part from Kreilkamp's own performance, we find no inequity in requiring Kreilkamp to pay the reasonable defense costs paid by Twin City on behalf of FABCO, costs which FABCO itself would have paid if it did not have insurance and which Kreilkamp would have been required to shoulder had it not wrongfully denied FABCO's tender of defense.[5] *See Hartford Accident & Indem. Co.*, 238 Wis. at 130–33 (rejecting indemnitor's argument that indemnitee's insurer was precluded from recovering defense costs from indemnitor); *Three T's Trucking v. Kost*, 2007 WI App 158, ¶¶ 15–21, 303 Wis. 2d 681, 736 N.W.2d 239; *Lesmark, Inc. v. Pryce*, 334 F.2d 942, 945 (D.C. Cir. 1964); *General Accident Fire & Life Assurance Corp.*, 272 F.2d at 586; *Wiseman v. North Cent. Airlines, Inc.*, 246 F. Supp. 775, 778–79 (D.S.D. 1965); *New Amsterdam Cas. Co. v. Kilroy Structural Steel Co.*, 159 N.E.2d 797, 797–98 (Ohio Ct. App. 1959); *Broce Constr. Co. of Okla. v. Traders & Gen. Ins. Co.*, 465 P.2d 475, 476–77 (Okla. 1970); *Rushing v. International Aviation Underwriters, Inc.*, 604 S.W.2d 239, 243–45 (Tex. Civ. App. 1980); *see also Huset v. Milwaukee Dressed Beef Co.*, 46 Wis. 2d 317, 327, 174 N.W.2d 740 (1970) (approving circuit

---

[5] Of course, if the "extent" of causal negligence attributable to FABCO for the death of Kreilkamp's employee is found to be 100%, both FABCO and Twin City will recover nothing.

court judgment requiring indemnitor and its insurer to pay the settlement and litigation expenses of indemitee and its insurer).

*"Additional Insured" Provision*

¶ 17. FABCO also appeals the circuit court's rejection of its argument that Kreilkamp breached the agreement by failing to add FABCO as an "additional insured" on Kreilkamp's insurance policies. The agreement language at issue states that "[Kreilkamp] agrees to add [FABCO] as an 'Additional Insured' on [Kreilkamp's]" insurance policies. FABCO appears to contend, without citation to any legal support, that Kreilkamp needed to specifically add FABCO's *name* to the policies. Kreilkamp counters that FABCO was in fact added as an additional insured under Kreilkamp's insurance endorsement which states that "[a]ny person or organization whom you have agreed in a written contract, executed prior to loss, to name as additional insured" is an "insured." Considering these same positions, the circuit court concluded:

> The court is not persuaded that Kreilkamp's contractual obligation to *"add"* Fabco as an "additional insured" under its insurance policies required Kreilkamp to take separate additional overt actions to do so when Kreilkamp's applicable auto policy with Discover Property and Casualty Insurance Company contained an endorsement automatically adding as an additional insured "Any person or organization [with] whom [Kreilkamp has] agreed in a written contract . . . to name as an additional insured." By virtue of this endorsement and its written contract with Kreilkamp, Fabco was, in fact *"added"* as an "additional insured."

121

We agree with the circuit court's reasoning and determination; FABCO was in fact automatically added as an "additional insured."[6] We affirm the circuit court on this issue.

*Sanctions*

¶ 18.　Lastly, FABCO argues that the circuit court "erred when it reversed its initial decision to impose sanctions on Kreilkamp for its discovery violations on the grounds that Kreilkamp was entitled to the safe-harbor protections set forth in Wɪs. Sᴛᴀᴛ. § 804.12(4m)." Though it appears Kreilkamp never suggested to the circuit court that § 804.12(4m) operated to provide Kreilkamp protection from sanctions, on appeal, Kreilkamp asks us to affirm the court's about-face and its ultimate decision to deny FABCO's request for sanctions. We decline to do so.

¶ 19.　After extensive litigation related to FABCO's motions to compel and for sanctions stemming from Kreilkamp's handling of discovery related to communications with its insurer, including the deletion of thirty-six relevant emails, the circuit court found in June 2012 that Kreilkamp's discovery responses were "either recklessly evasive or incomplete." The court concluded that "Kreilkamp's conduct during discovery warrants sanctions," granted FABCO's motion for sanctions, and determined that "the appropriate sanction for Kreilkamp's conduct is an award of reasonable attorney's fees and costs incurred in connection with

---

[6] While neither party develops arguments specific to individual insurance policies, other than Kreilkamp's reference to an auto policy, we observe that Kreilkamp's commercial general liability policy appears to have similar "additional insured" language as the auto policy.

122

compelling Kreilkamp to produce the requested information, with the amount to be determined after Fabco submits appropriate documentation."

¶ 20. FABCO subsequently submitted documentation in support of its request for fees and costs and Kreilkamp responded by challenging certain of the fees and costs. Rather than determine the appropriate sanction amount, however, the circuit court issued an order "withdraw[ing]" its June 2012 order and denying FABCO's motion for sanctions, determining *sua sponte* and with no input from the parties that it had "no choice" under WIS. STAT. § 804.12(4m) but to "not impose sanctions" because the discovery abuses were related to the deleted emails and FABCO had failed to establish that "exceptional circumstances" existed to justify such sanctions.

¶ 21. We believe the court erred in making this determination without permitting the parties an opportunity to address the application of WIS. STAT. § 804.12(4m). That provision states: "Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system." Upon remand, the parties are entitled to present evidence and argument specifically related to subsection (4m). Because, as the circuit court has already found, FABCO has met its initial burden of showing the emails were "lost," the burden shifts to Kreilkamp to show they were lost "as a result of" the routine, good faith operation of an electronic system. If the court finds that burden met, the burden would then shift to FABCO to convince the court that "exceptional circumstances" nonetheless warrant sanctions. But, if, after considering

123

the evidence, the court does not find that the emails were lost in a routine or good-faith manner, then § 804.12(4m) does not apply.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.